**Hon. Kelley ASBURY, Judge, Boyd Circuit Court, Division One, Movant,**

v.

**Elizabeth BEERBOWER and William Beerbower, Respondents.**

Supreme Court of Kentucky.

Oct. 30, 1979.

PALMORE, Chief Justice.

James Murphy, Jr., brought suit against Elizabeth Beerbower and her husband for damages resulting from an automobile accident. Murphy sought to discover, by deposition, the contents of a statement allegedly given by Mrs. Beerbower to her liability insurance carrier after Murphy had retained counsel but before counsel had been retained for Mrs. Beerbower and before the filing of the lawsuit. After the trial court had decided the point in Murphy's favor and had entered an order to that effect, the Beerbowers applied to the Court of Appeals for a writ of prohibition to prevent the trial judge from permitting the discovery. The

Court of Appeals granted relief upon the ground that the communication by Mrs. Beerbower to her insurance company fell within the scope of the attorney-client privilege, citing KRS 421.210(4); CR 26.02; *Hollien v. Kaye,* 194 Misc. 821, 87 N.Y.S.2d 782 (1949); *People v. Ryan,* 30 Ill.2d 456, 197 N.E.2d 15 (1964); and *Brakhage v. Graff,* 190 Neb. 53, 206 N.W.2d 45 (1973). The respondent trial judge thereupon appealed to this court as a matter of right. Cf. Const. Sec. 115.

Mrs. Beerbower's insurance policy required her to cooperate with the insurance company and obligated the company to provide counsel for her. The prevailing view, though something less than an avalanche of authority, is that under these circumstances "a report or other communication made by an insured to his liability insurance company, concerning an event which may be made the basis of a claim against him and which is covered by the policy, is a privileged communication, as being between attorney and client . . ." 81 Am.Jur.2d, *Witnesses,* Sec. 193. See also annotation, "Privilege of communications or reports between liability or indemnity insurer and insured," 22 A.L.R.2d 659 (1952).

"The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication or during the course of litigation. Under such circumstances we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the interests of the insured." *People v. Ryan,* 30 Ill.2d 456, 197 N.E.2d 15, 17 (1964). We think this conclusion makes good sense. When a person has had an automobile accident that may result in litigation he would normally confide in counsel. If, however, he is insured, he has paid an insurance company to exercise that choice for him. He should not be penalized for his prudence in that respect.

The decision of the Court of Appeals is affirmed.

All concur.