## COMMONWEALTH of Kentucky, Appellant,

v.

## Sheri L. MELEAR and State Farm Mutual Automobile Insurance Co., Appellees.

Court of Appeals of Kentucky.

July 2, 1982.

Discretionary Review Denied Oct. 5, 1982.

Steven L. Beshear, Atty. Gen., Larry D. Simon, Sp. Asst. Atty. Gen., Louisville, for appellant.

Daniel Landrum, Henry A. Triplett, Louisville, for appellees.

Before GANT, HOGGE and WINTERSHEIMER, JJ.

GANT, Judge.

Appellee Sheri L. Melear was indicted for second degree manslaughter arising from an accident in which an automobile being operated by her struck and killed a twelve-year-old boy on a bicycle. The driver was accompanied in the vehicle by Katrina Garstkiewicz, the owner of the vehicle, and operating with her consent in such manner that both were covered by the insurance policy of the owner-passenger. Both the driver and the passenger gave statements to an employee of the insurance carrier, copies of which the Commonwealth attempted to obtain by subpoena duces tecum. Motion to quash this subpoena was granted by the lower court, resulting in this appeal. We affirm.

It is our opinion that *Asbury v. Beerbower,* Ky., 589 S.W.2d 216 (1979), is dispositive of this issue. That case held that the communications between an insured and a representative of the insurance carrier are privileged because the carrier is required to represent the insured and the insured is obligated to cooperate with the carrier, thus making it, in effect, an attorney-client relationship. Although *Asbury* is a civil action, it cited with approval the case of *People v. Ryan,* 30 Ill.2d 456, 197 N.E.2d 15 (1964), which case arose out of a criminal action.

In *Ryan,* a defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor. She had given a statement to her insurance carrier admitting consumption of several bottles of

beer. Her file, including this statement, had been forwarded to the attorney representing her on the criminal charge, who was not her attorney on any civil litigation. The state sought to obtain this statement, the attorney refused, and was cited for contempt by the lower court. This was reversed by the Illinois Supreme Court, which held that the communication to the insurance carrier "was clothed with the attorney-client privilege while in control of the insurer." The case went even further, to hold that the privilege was not waived when sent at her request to her defense attorney in the criminal matter.

It is our opinion that the principles enunciated by the Supreme Court of Kentucky in *Asbury v. Beerbower, supra,* apply to criminal as well as civil matters and that communications between an insured and his or her insurer are privileged under the attorney-client relationship.

The order of the lower court is affirmed.

All concur.