Barbara HANEY, Administratrix of
the Estate of Betty Emmons,
Appellant,

v.

Leonard YATES;  and James Nichol-
son, Acting Jefferson Circuit
Court Judge, Appellees.

No. 1999–SC–1113–MR.

Supreme Court of Kentucky.

Nov. 22, 2000.

Rehearing Denied April 26, 2001.

Penny Unkraut Hendy, Fort Mitchell, for appellant.

Armer H. Mahan, Jr., Joseph P. Hummel, Lynch, Cox, Gilman & Mahan, PSC, Louisville, for appellee Leonard Yates.

COOPER, Justice.

In the present matter, the Court of Appeals granted Appellee Yates' motion for a writ of prohibition to enjoin a Jefferson Circuit Court discovery order. Appellant, Barbara Haney, administratrix of the estate of Betty Emmons, now seeks review of that adverse decision in this Court. The only question to be decided is whether a privilege precludes discovery.

Leonard Yates is a taxi driver in the city of Louisville. He works as an independent contractor to the Yellow Cab Company of Louisville (Yellow Cab) and leases taxicabs from that company. On November 3, 1997, Yates, driving a cab owned by Yellow Cab, collided with pedestrian Betty Emmons. Emmons suffered severe injuries and died ten days later. Barbara Haney, in her capacity as administratrix of Emmons's estate, filed suit against both Yates and Yellow Cab on October 7, 1998.

Either on the day of the accident or shortly thereafter, Yates gave a written statement to Yellow Cab's Safety Department. It is this statement that Haney seeks to discover. The trial judge granted the discovery motion and ordered Yellow Cab to divulge the statement. Yates then petitioned the Court of Appeals for a writ of prohibition, which was granted.

On October 29, 1997, scant days before the accident, Yellow Cab became a self-insured entity. KRS 281.655(1) requires a taxicab company, among others, to file an indemnity bond or insurance policy with the Department of Vehicle Regulation before a certificate of operation is issued. KRS 281.655(11), however, allows a cab company to become self-insured if "there is due assurance of the payment of all

damages for which he may become liable as a result of the operation of any vehicle owned by him or operated under authority of his certificate or permit." Yellow Cab demonstrated its net worth and the Department of Vehicle Regulation exempted it from filing an insurance policy or indemnity bond.

As stated, the only issue is whether Yates's statement to Yellow Cab's Safety Department is privileged. Yates argues that his statement either falls within the attorney-client privilege or is "work product." Relying on *Asbury v. Beerbower,* Ky., 589 S.W.2d 216 (1979), the Court of Appeals held that the statement fell within the insured-insurer extension of the attorney-client privilege.

## I. ATTORNEY–CLIENT PRIVILEGE.

■ KRE 503 sets forth Kentucky's attorney-client privilege. For the privilege to attach, the statement must be a confidential communication made to facilitate the client in his/her legal dilemma and made between two of the four parties listed in the rule: the client, the client's representatives, the lawyer, or the lawyer's representatives. KRE 503(a)(5) states that "[a] communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." The parties agree that Yates gave his statement to Yellow Cab's Safety Department. Thus, it was not made in "furtherance of the rendition of professional legal services" as no attorney was yet involved to render services.

In *Asbury v. Beerbower, supra,* we extended the scope of the attorney-client privilege, then defined in KRS 421.210(4),[1] to include communications between an insured and a representative of his insurer. The plaintiff in *Asbury* sought to discover a statement the defendant had given to her insurance adjuster before suit was filed or defense counsel retained. *Id.* at 216. In holding the statement privileged, this Court relied upon a provision in the defendant's insurance policy—a contract between insured and insurer—which required the defendant to cooperate with the insurance company and obligated the insurer to provide counsel.

'The insured is ordinarily not represented by counsel of his own choosing either at the time of making the communication or during the course of litigation. Under such circumstances we believe that the insured may properly assume that the communication is made to the insurer as an agent for the dominant purpose of transmitting it to an attorney for the protection of the insured.' *People v. Ryan,* 30 Ill.2d 456, 197 N.E.2d 15, 17 (1964). We think this conclusion makes good sense.

*Id.* at 217.

Thus, *Asbury* extended the attorney-client privilege to include the insurer-insured relationship when the insurance policy requires cooperation with respect to potential litigation as a condition of coverage. The insured's statement was deemed confidential because under the circumstance it was "made . . . for the dominant purpose of transmitting it to an attorney." *Id.* We need not decide here whether *Asbury* survived the repeal of KRS 421.210(4) and the adoption of KRE 503. However, we note that the drafters of KRE 503 opined that KRE 503(a)(3) is not inconsistent with *Asbury*. *See* Commen-

---

**1.** Repealed, 1992 Ky.Acts ch. 324 § 30.

tary to KRE 503, Evidence Rules Study Committee, Final Draft (1989).

■ At the outset, we recognize three salient principles. First, under CR 26.02, parties are entitled to discover any matter not privileged. Second, the party asserting a privilege must prove its applicability. *Sisters of Charity Health Sys. v. Raikes,* Ky., 984 S.W.2d 464, 469 (1998); *Shobe v. EPI Corp.,* Ky., 815 S.W.2d 395 (1991); Robert G. Lawson, *The Kentucky Evidence Law Handbook,* § 5.05, p. 229 (3d ed. Michie 1993). Finally, "privileges should be strictly construed, because they contravene the fundamental principle that 'the . . . public has a right to every man's evidence.'" *Sisters of Charity,* at 468 (quoting *Trammel v. United States,* 445 U.S. 40, 45, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980)). Stated differently, "broad claims of 'privilege' are disfavored when balanced against the need for litigants to have access to relevant or material evidence." *Meenach v. General Motors Corp.,* Ky., 891 S.W.2d 398, 402 (1995).

■ Appellee argues that the attorney-client privilege applies in this case because the relationship between Yellow Cab, as a self-insured entity, and Yates is analogous to that of an insurer to an insured; and that KRS 281.635, KRS 281.655 and Louisville Code Ordinance § 111.565 inferentially require cooperation and collaboration between Yates and Yellow Cab. Because of this mutual dependency, Appellee claims that *Asbury* applies to a self-insured entity.

In light of the principle of liberal discovery and the strict construction of privileges, we disagree and decline to extend *Asbury* to this fact situation. A self-insurer and an insurer are not the same. Yellow Cab is not in the business of insurance. It does not engage in risk shifting. KRS 304.1–030; KRS 304.1–040; *Davidson v. American Freightways, Inc.,* Ky., 25 S.W.3d 94 (2000). Rather, the company is in the business of owning and leasing taxicabs. Yellow Cab avoided the strictures of KRS 281.655(1) by demonstrating to the state that it could pay for any loss caused by its vehicles. That only means that Yellow Cab is wealthy, not that it is an insurer. Furthermore, Yates, who bears the burden of proof, has produced no formal contract or policy between Yellow Cab and himself to support the assertion that a duty to cooperate or defend exists between them. Absent such proof, we are unable to conclude that Yates's statement was given with the dominant purpose of transmission to an attorney.

■ The statutes and ordinance cited by Yates do not support his position. KRS 281.635, titled in part "Powers of cities as to taxicabs," grants cities of the Commonwealth "supervisory and regulatory power over taxicabs certificated to operate in [those cities]." KRS 281.635 also grants to cities the power to regulate driver qualifications and reserves to the Commonwealth supervisory and regulatory powers over taxicabs when a city fails to exercise its powers. Nothing in KRS 281.635 creates a duty of cooperation between a taxicab company and its drivers. Nor does KRS 281.655 create a mutual dependency between taxi driver and cab company in case of an accident. That statute only requires that an insurance policy or indemnity bond or certificate of self-insurance be filed with the state before a certificate of operation is granted. It does not purport to mandate cooperation between the self-insured entity and its employees or lessees. Louisville Code Ordnance § 111.565 merely reiterates the insurance requirements of KRS 281.655.

In the absence of a contractual or statutory duty to cooperate, Yates' statement does not fall within the holding of *Asbury*

*v. Beerbower.* As such, his statement is not confidential and is not protected by the attorney-client privilege.

## II. WORK PRODUCT.

 Yates alternatively asserts that his statement is protected by the work product exception to CR 26.02(3)(a). Again, we disagree. CR 26.02(3)(a) permits discovery of documents and tangibles "prepared in anticipation of litigation or for trial" by or for a party and his or her representatives only upon "a showing" of "substantial need" and "undue hardship" by the party seeking discovery; provided, however, that "the mental impressions, conclusions, opinions, or legal theories of an attorney" may not be discovered even though "substantial need" and "undue hardship" exist. Thus, documents prepared in anticipation of litigation are subject to a qualified privilege, *i.e.,* discoverable only upon a showing of substantial need and undue hardship; but documents containing the mental impressions or legal conclusions of an attorney are absolutely privileged. *Transit Auth. of River City v. Vinson,* Ky.App., 703 S.W.2d 482, 486 (1985).

■ The statement at issue was made not by an attorney, but by Appellee Yates. Thus, it is not an absolutely protected legal impression or opinion of an attorney, but a factual statement entitled only to the qualified protection of CR 26.02(3)(a). Though Haney posits that the statement was not made "in anticipation of litigation," we need not reach that issue since Haney has shown both substantial need and undue hardship. Haney has a substantial need for the statement as the only other witness, Emmons, is deceased. Similarly, to preclude discovery of the statement would work an undue hardship, because Haney has no other recourse to obtain the same information. We conclude that

Yates's statement is not protected from discovery by CR 26.02(3)(a).

Accordingly, the decision of the Court of Appeals is reversed and the writ of prohibition is vacated.

All concur.