**Michael Bradley SOWDERS, Michael Glen Sowders, and Pamela Sowders, Appellants**

v.

**Hon. Thomas R. LEWIS, Special Judge, Whitley Circuit Court, Appellee.**

No. 2007–SC–000043–MR.

Supreme Court of Kentucky.

Dec. 20, 2007.

Larry F. Sword, Sword & Broyles, Somerset, KY, Counsel for Appellants.

Thomas R. Lewis, Bowling Green, KY, Counsel for Appellee.

Joe Lynn Travis, Travis, Pruitt, Powers & Yeast, Somerset, KY, Counsel for Real Parties in Interest.

Opinion of the Court by Justice SCOTT.

Appellants, Michael Bradley Sowders, Michael Glen Sowders, and Pamela Sowders, appeal as a matter of right from the Court of Appeals' denial of their petition for a writ of mandamus. In their petition, Appellants sought to compel the Whitley Circuit Court to: (1) disqualify Dr. Frank Bonnarens as an expert witness for the defendants below; (2) disqualify the defendants' counsel who had hired Dr. Bonnarens; and (3) strike the defendants' answer. The Court of Appeals denied the petition on grounds that Appellants failed to satisfy their burden of proof, and this appeal followed. For the reasons set forth herein, we affirm the Court of Appeals in part and reverse in part.

## I. FACTS

Michael Glen Sowders and Pamela Sowders filed a medical malpractice action on behalf of their son, Michael Bradley Sowders, against a doctor and his practice. In this suit, Appellants alleged that the doctor failed to properly diagnose and treat Michael Bradley's septic hip.

Lee Turner represented Appellants in the case. Before filing suit, Turner obtained and reviewed medical records, performed legal research, consulted with experts, and prepared work product—including a memorandum summarizing the records, his research, and his mental impressions.

Turner asked Paul A. Casi to act as co-counsel, and there is no dispute that Turner provided Casi with his work product. Before making a decision, Casi contacted Dr. Bonnarens, an orthopedic surgeon, to review the case. Casi swore that he asked Dr. Bonnarens to review Turner's work product.[1] Dr. Bonnarens gave an opinion that there was no violation of the standard of care and, based on this opinion, Casi declined to serve as co-counsel.

Thereafter, Joe Lynn Travis, counsel for the defendant doctor, contacted Dr. Bonnarens, asking him to review the case. Travis and Dr. Bonnarens met to discuss the case and, during this meeting, Dr. Bonnarens informed Travis that he had previously reviewed the case for Casi.

Prior to trial, Travis disclosed pursuant to CR 26.02 that the defense would call Dr. Bonnarens as an expert witness at trial. Upon learning that the defense had consulted with and hired Dr. Bonnarens, Appellants moved the circuit court to: (1) disqualify Dr. Bonnarens from testifying; (2) disqualify Travis; and (3) strike the defendants' answer. The circuit court denied the motion.

## II. ANALYSIS

A writ of mandamus is an "extraordinary remedy which compels the performance of a ministerial act or mandatory duty where there is a clear legal right or no adequate remedy at law." *County of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 613 (Ky.2002). A writ of mandamus is granted for only two purposes: (1) when the lower court is acting

---

1. In his May 10, 2006 deposition and June 14, 2006 affidavit, Dr. Bonnarens stated that he reviewed medical records. In his November 3, 2006 affidavit, Dr. Bonnarens swore that he actually received no documents at all.

beyond its jurisdiction; and (2) when the lower court is acting or is about to act erroneously, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. *Newell Enterprises, Inc. v. Bowling,* 158 S.W.3d 750, 754 (Ky.2005). We review a decision to deny the writ for abuse of discretion. *Id.*

The only issue here with merit—whether Dr. Bonnarens should be allowed to testify at trial—falls within the second class of writ cases. The Court of Appeals denied the writ, finding that Appellants failed to satisfy their burden of proof that Dr. Bonnarens received work product.[2] Upon review of the matter, we find that the Court of Appeals abused its discretion in refusing to compel the circuit court to disqualify Dr. Bonnarens. Accordingly, we reverse the part of the Court of Appeals' denial of the writ of mandamus concerning the disqualification of Dr. Bonnarens.

■ The attorney-client privilege applies to a confidential communication "made to facilitate the client in his/her legal dilemma and made between two of the four parties listed in [KRE 503]: the client, the client's representatives, the lawyer, or the lawyer's representatives." *Haney v. Yates,* 40 S.W.3d 352, 354 (Ky.2000). "Where the privilege applies its breach undermines confidence in the judicial system and harms the administration of justice." *St. Luke Hospitals, Inc. v. Kopowski,* 160 S.W.3d 771, 775 (Ky.2005). In this matter, the attorney-client privilege attached to any confidential communications between Casi and Dr. Bonnarens. There is evidence that Casi, plaintiffs' prospective co-counsel, provided Dr. Bonnarens, a consulting medical expert, with work product.

*In his affidavit, Casi stated that he asked Dr. Bonnarens to review "confidential attorney work product information, including information concerning the mental impressions and conclusions of Attorney Turner including his work product memoranda."* Casi further stated that he and Dr. Bonnarens "had confidential attorney work product discussions." Dr. Bonnarens may quibble about this now, but if so, how did he ever give Casi *a professional opinion,* which he does not deny. Thus, there is great risk that Dr. Bonnarens' testimony could violate the attorney-client privilege. *See FTC v. GlaxoSmithKline,* 294 F.3d 141, 144 (D.C.Cir.2002) (documents given to consultants were protected by the attorney-client privilege).

■ In addition, any work product Casi provided to Dr. Bonnarens is protected from discovery. *See* CR 26.02(4)(b). Although Dr. Bonnarens insists he was not given work product, the circumstances suggest otherwise. In fact, Dr. Bonnarens at first said that he reviewed medical records but later stated he actually received no documents at all. Given the quandary presented by the contrasting evidence, the trial court and Court of Appeals refused to act. We do not.

■ We have previously pointed out that there will rarely be an adequate remedy on appeal if the alleged error is an order that allows discovery. *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky.2004). Our predecessor Court noted that:

The present petition states, and we believe it evident, that petitioners are without an adequate remedy by appeal or otherwise. . . . Once the information is furnished it cannot be recalled. It may

---

2. The Court of Appeals stated that there was "minimal and disputed evidence placed before the trial court" that Casi provided Dr. Bonnarens with Turner's work product to review.

or may not be used at the trial.... The injury suffered by petitioners ... will be complete upon compliance with the order and such injury could not thereafter be rectified in subsequent proceedings in the case. Petitioners have no other adequate remedy.

*Bender v. Eaton,* 343 S.W.2d 799, 802 (Ky. 1961). With regard to great injustice and irreparable injury, "in a certain class of cases, ... the showing of such grievous injury is not an absolute necessity" and "if an erroneous order results in a substantial miscarriage of justice and the orderly administration of our Civil Rules necessitates an expression of our views, we may, and in the proper case should, decide the issue presented." *Id.* We find the reasoning of *Bender* to be persuasive here, especially since the matters dealt with involve our attorney-client and work product rules. *See* KRE 503; CR 26.02(4)(b).

Moreover, under the unduly narrow interpretation of the work product doctrine adopted by the Court of Appeals, attorneys will be reluctant to disclose confidential information to non-testifying consulting experts, because of the risk that they might testify on privileged matters for the opposing party. This will surely result in a chilling effect on the use of pre-litigation consultative evaluations. *See Newsome v. Lowe,* 699 S.W.2d 748, 752 (Ky.App.1985) ("Prelitigation consultative evaluations are encouraged; if there is no confidentiality with them, the procedure will not be utilized.").

But in any event, we decline to employ a rule of inclusion/exclusion for expert witnesses in this instance that requires a finding of fact (which was never made in this case) as to exactly what the expert reviewed for the opposing party. A simple finding that the expert did review the case for the opposing party and gave an opinion is sufficient. No one disputes that this occurred here. Litigation experts understand this rule and it is not difficult to comply with. This resolution protects the spirit of *Newsome* and facilitates continued pre-litigation consultation.

Appellants are thus without an adequate remedy by appeal or otherwise and allowing Dr. Bonnarens to testify would result in a substantial miscarriage of justice. Additionally, this result removes any possibility of circumstances occurring at trial where Dr. Bonnarens might inadvertently blurt out, "I reviewed the case for the plaintiffs before it was filed and told them there was no claim."

### III. CONCLUSION

In sum, the trial court erred in denying the motion to disqualify Dr. Bonnarens, and Appellants have no adequate remedy by appeal. Accordingly, we reverse the Court of Appeals' denial of the writ of mandamus as to Dr. Bonnarens, remand for entry of a writ of mandamus consistent with this opinion, but affirm the Court of Appeals as to all other issues as no evidence was presented to establish that the defendants' counsel, Joe L. Travis, became privy to any information privileged under the attorney-client or work product rules; nor do we believe that striking the defendants' answer is in any way relevant to the case at hand.

All sitting. LAMBERT, C.J.; ABRAMSON, MINTON, NOBLE and SCHRODER, JJ., concur.

CUNNINGHAM, J., dissents by separate opinion.

Dissenting Opinion by Justice CUNNINGHAM.

I respectfully dissent.

This Court has long recognized that the party asserting a privilege such as the one

established by CR 26.02(4)(b) bears the heavy burden of proving its applicability. Because "they contravene the fundamental principle that the public has a right to every man's evidence", privileges should be strictly construed. *Haney v. Yates,* 40 S.W.3d 352, 355 (Ky.2000) *quoting Sisters of Charity Health Sys. v. Raikes,* 984 S.W.2d 464, 468 (Ky.1998). "Broad claims of 'privilege' are disfavored when balanced against the need for litigants to have access to relevant or material evidence." *Meenach v. General Motors Corp.,* 891 S.W.2d 398, 402 (Ky.1995).

I do not believe the heavy burden of proof has been met in this case. The trial court was presented with four affidavits and deposition testimony and conducted a telephonic hearing on Appellants' motion to exclude. As recognized by the majority, the evidence presented conflicted versions of what transpired between Dr. Bonnarens and Mr. Casi. Appellants called no witnesses to resolve these issues. Furthermore, the trial court was unable to determine with any level of certainty that the documents supposedly furnished to Dr. Bonnarens actually constituted "work product", as Appellants never presented these documents for the trial court's inspection. In short, the evidence equally supported two conclusions: that Mr. Casi provided work product documents to Dr. Bonnarens, or that Mr. Casi and Dr. Bonnarens simply had a brief and general discussion about septic hips in children. In light of the inconclusive nature of the evidence presented, I find no abuse of discretion in the trial court's denial of Appellants' motion to exclude.

Moreover, I do not believe that relief in the extraordinary form of a writ is warranted in this case, as adequate remedy exists by way of direct appeal. Should Dr. Bonnarens be called as a witness, Appellants would be entitled to elicit on cross-examination the fact that Dr. Bonnarens had previously been consulted by opposing counsel. *See Miller ex rel. Monticello Banking Co. v. Marymount Med. Center,* 125 S.W.3d 274, 284 (Ky.2004) (in concluding that it was proper to allow cross-examination of expert witness regarding her prior consultation with opposing counsel, "the jury was entitled to know who retained and paid each expert witness ... so as to be able to judge each witness's overall credibility").

For these reasons, I must respectfully dissent.