**Tom DUFFY, Sr., et al., Appellants,**

v.

**Hon Karen L WILSON (Judge, Henderson Circuit Court) and Randy Owens, Administrator and Next Friend of Ryan Morgan Owens Estate (Real Party in Interest) and Marla Owens, Administratrix and Next Friend of Ryan Morgan Owens Estate (Real Party in Interest), Appellees.**

No. 2008–SC–000507–MR.

Supreme Court of Kentucky.

March 19, 2009.

Rehearing Denied Aug. 27, 2009.

Michael A. Owsley, English, Lucas, Priest & Owsley, Bowling Green, KY, Counsel for Appellants.

Karen Lynn Wilson, Judge, Henderson Circuit Court, Henderson, KY, Counsel for Appellees.

Robert Allen Cooley, John W. Tullis, Owensboro, KY, Counsel for Real Parties in Interest.

Opinion of the Court by Justice VENTERS.

Appellants, Tom Duffy, Sr., Tom Duffy, Jr., Jerry Mezur, Dr. Thomas L. Richey, Bruce Swanson, David Hargiss, Josh Boston, and Brian Bobbitt, appeal as a matter of right from a June 2008 order of the Court of Appeals denying them intermediate relief against an opinion and order by Appellee, Judge Karen L. Wilson[1] of the Henderson Circuit Court. Appellee's order mandated that Appellants give certain documents through discovery over to the Real Parties in Interest, Estate of Ryan Morgan Owens, Randy Owens, and Maria Owens. For the reasons set forth herein, we now reverse the Court of Appeals.

On July 19, 2006, Ryan Owens tragically died after participating in a football practice with the Henderson County High School team. On August 1 and 2, 2006, Chris Hogg, an insurance adjuster working on behalf of Indiana Insurance Company, took statements from players, managers, parents, and bystanders who were all present at the July 19 football practice. Indiana Insurance Company is the liability insurer for the Henderson County Board of Education ("Board") and is providing a defense for the current Appellants. Appellants are all either coaches for the football team or are officials with the Board. Present during the interviews were Elizabeth Bird, the Board's attorney, and Bill Wilson, an attorney specifically hired by the Board's superintendent to investigate Ryan's death. During the interviews, Wilson told some of the witnesses that he was not hired to sue or defend anyone. He stated that the point of the interviews was

---

1. Judge Wilson has recused herself from this case. The Honorable Stephen A. Hayden has been appointed as Special Judge over the case.

**558**

to see if anything was "preventable." The statements from the witnesses were recorded and transcribed.

In January 2007, the Real Parties in Interest filed a wrongful death action against Appellants in their individual and official capacities.[2] Subsequently, the Real Parties in Interest filed a motion to compel the Appellants to turn over in discovery the statements taken on August 1 and 2. After an *in camera* review, Appellee ruled the statements, with certain parts redacted, were discoverable.

Appellee held that the interviews conducted by Hogg were likely not made in preparation for litigation and thus the work product privilege under CR 26.02(3) did not apply. Appellee focused on Wilson's statement that he did not represent anyone at the interviews to make that conclusion. She further held that even if the statements could be considered work product under CR 26.02(3), the Real Parties in Interest had a substantial need for the statements and there would be an inability to obtain the statements elsewhere without undue hardship. She held that there would be an inability to obtain the statements elsewhere without hardship because the memories of the witnesses would not be as clear now as they were at the time of the interview. Thus, the statements were discoverable. *See Haney v. Yates,* 40 S.W.3d 352 (Ky.2000). The Court of Appeals affirmed Appellee's ruling.

■■■ Appellants now request that this court issue a writ of prohibition against Appellee to block the execution of her order. A writ of prohibition may be granted "upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004).

■■■ Appellants' main argument is that Appellee's order compelling discovery violates the work product privilege. CR 26.02(3)(a)[3] states:

Subject to the provisions of paragraph (4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under paragraph (1) of this rule and *prepared in anticipation of litigation* or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has *substantial need* of the materials in the preparation of his case and that he is *unable without undue hardship to obtain the substantial equivalent of the materials by other means.* In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

(emphasis added); *see also Transit Authority of River City v. Vinson,* 703 S.W.2d 482 (Ky.App.1985). A two-step analysis is

---

**2.** Appellants were dismissed from the suit in their official capacities by order of the Henderson Circuit Court.

**3.** CR 26.02 is derived directly from Federal Rule of Civil Procedure 26. Thus authority interpreting Federal Rule of Civil Procedure 26 is useful in interpreting our rule.

necessary under this rule to determine if particular documents are discoverable under CR 26.02(3)(a). First, the court must determine whether the document is work product because it was prepared "in anticipation of litigation." A document need not be created by a party's attorney to be work product. "The policy of protecting counsel's work product prior to litigation applies with equal force to the work product of the party's other representatives, including private investigators." *Vinson*, 703 S.W.2d at 486. Second, if the document is work product, the court must determine whether the requesting party has a "substantial need" of the document and is unable to obtain the "substantial equivalent" without "undue hardship." Notably, there is no work product privilege which protects the underlying facts contained in the documents. *Id.*

■ In this matter, it is clear that the statements taken from the witnesses were prepared "in anticipation of litigation" and thus constitute work product.

> Prudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.

8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2024 (2d ed.1994). Here, the interviews were coordinated and taken by an employee of the Board's insurer, Indiana Insurance Company. It is reasonable to believe that these interviews were taken not only to aid in investigating the circumstances surrounding Ryan's tragic death, but to enable Indiana Insurance Company to effectively defend any litigation or claims that arose from the incident.

*See Fireman's Fund Ins. Co. v. McAlpine*, 120 R.I. 744, 391 A.2d 84, 90–91 (1978) ("when an insured reports to his insurer that he has been involved in an incident involving another person, the insurer can reasonably anticipate that some action will be taken by the other party. The seeds of prospective litigation have been sown, and the prudent party, anticipating this fact will begin to prepare his case.") While it is true that Wilson stated he was not "suing or defending anybody" or any entity during the interviews, it must be remembered that the Real Parties in Interest had not yet filed the lawsuit. Wilson's disclaimer was truthful and was not inconsistent with the claim that he and the Appellants' other representatives were acting in anticipation of litigation. The trial court erroneously construed it as a conclusive admission that litigation was not anticipated. Obtaining the statements was part of an "independent investigation" taken by agents of the Appellants for use if the expected lawsuit was filed regarding Ryan's death. As such, we find that the statements taken on August 1 and 2 were generated "in anticipation of litigation," and the contrary conclusion by the trial court is clearly erroneous.

■ Since the statements in question are work product under CR 26.02(3), but mostly factual in content, we must determine if the trial court may order their disclosure to the Real Parties in Interest because they are unable to obtain the "substantial equivalent" without "undue hardship." Mental impressions have complete protection, but those documents which are mostly factual in content have only qualified protection. *See Vinson*, 703 S.W.2d at 486. The Real Parties in Interest have the burden of proof. *Id.*

■ The Real Parties in Interest's main argument is that they cannot obtain the equivalent of the statements because they

were made more closely in time to Ryan's death than any statement obtainable now. The Real Parties in Interest believe that the witnesses have forgotten many details regarding Ryan's death due to the length of time that has passed since the incident. However, the Real Parties in Interest have made no attempt to take depositions from any of the witnesses, all of which are still available, to see what information is obtainable. The Real Parties in Interest's fear of memory loss is thus conjecture on their part. Additionally, the Real Parties in Interest have presented no compelling argument to prove that a witness's memory substantially deteriorates over time. Federal cases on this issue have held that a witness's memory only fades to a limited extent over a period of time. *See Hamilton v. Canal Barge Co.*, 395 F.Supp. 975, 978 (E.D.La.1974) (". . . a statement taken a week after an accident may be much less accurate than one taken a few hours after the accident, but virtually as valuable as one taken a month afterwards"). The Real Parties in Interest have not shown at this time that they are unable to obtain a "substantial equivalent" without "undue hardship."

This case presents a different scenario than the opinions in *Vinson*, 703 S.W.2d at 482, and *Haney*, 40 S.W.3d at 352, where it was found that there was a substantial need and potential hardship in obtaining equivalent information. In *Vinson*, the work product determined to be discoverable was an investigation performed by a private investigator which consisted of surreptitiously made photographs and observations of the plaintiff's activities over a certain period of time. *Id.* at 486. Since the report was the only document which could possibly contain the eyewitness observations of the private investigator, and it was impossible to go back in time to duplicate it, the Court of Appeals found that the report was discoverable. In this

matter, while the Real Parties in Interest cannot go back in time to perform an earlier deposition of the witnesses, the information provided by the witnesses may still be obtained. The August 1 and 2 statements are not contemporaneous accounts and there is no evidence that a deposition taken at a later date cannot contain the same information. Thus, this matter presents a different situation than that presented in *Vinson*.

Further, in *Haney* we held that certain documents containing the statement of a party taken by an investigator were discoverable because the only other witness to the accident was dead. *Id.* at 356. Importantly, the statement in *Haney* was taken either on the day of the accident, or the next day. Since it was taken so contemporaneous to the incident in question, and there was no other surviving witness, we held that the statement was discoverable. In this matter, again the August 1 and 2 statements were not contemporaneous with the event being litigated and all of the witnesses are available and may be deposed. This matter presents a different scenario than *Haney*, and we find the Real Parties in Interest have not shown that they cannot get the substantial equivalent without hardship.

Since we find the Real Parties in Interest are not entitled to the statements taken on August 1 and 2, Appellee's order is erroneous. Thus, we find that a writ of prohibition preventing Appellee from enforcing her order is appropriate in this matter. *See Bender v. Eaton*, 343 S.W.2d 799, 802 (Ky.1961) (holding that no adequate remedy by appeal exists when discovery which should be protected is turned over by a party).

For the foregoing reasons, we therefore reverse the order of the Court of Appeals and remand the matter to that Court for

the purpose of issuing a writ of prohibition against Appellee to prohibit her from enforcing the order forcing the Real Parties in Interest to turn over in discovery the statements taken from witnesses on August 1 and 2, 2006.

MINTON, C.J., ABRAMSON, NOBLE, SCHRODER and SCOTT, JJ., concur. CUNNINGHAM, J., dissents by separate opinion.

Dissenting Opinion by Justice CUNNINGHAM.

I reluctantly dissent from the excellent work of Justice Venters who so ably wrote for the majority in this case.

Common sense dictates that the written statements taken from witnesses within two weeks of this tragedy, and those taken six months later, cannot be the "substantial equivalent" in quality and veracity. This is the second requirement of the two prong test established by *Transit Authority of River City v. Vinson,* 703 S.W.2d 482 (Ky.App.1985), the pivotal case cited by the majority. I fully understand the explanation by Justice Venters that the Real Parties in Interest "have made no attempt to take depositions from any of the witnesses ... to see what information is obtainable." However, it makes no difference what "information is obtainable" at that later date, as the fresh reports from vivid recollections taken immediately after the event can never be recaptured.

Therefore, while I agree that the statements were work product, I do believe the plaintiffs have a "substantial need" of the statements because the "substantial equivalent" cannot be acquired through additional discovery or otherwise. Thus, the statements are discoverable. I would affirm both the Court of Appeals and the

trial court and require that the statements be produced to the plaintiffs.