# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 26, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0216-MR

UNIVERSITY OF LOUISVILLE AND                                    APPELLANTS
RUBY D. FENTON

|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
| V. | NO. 2018-CA-0280 |
|  | JEFFERSON CIRCUIT COURT NO. 15-CI-001410 |

HONORABLE AUDRA JEAN ECKERLE,                                   APPELLEES
JUDGE, JEFFERSON CIRCUIT COURT

C. WILLIAM HELM                                   REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

The Court of Appeals denied University of Louisville ("U of L") and Ruby

D. Fenton's petition for a writ of prohibition/mandamus to enjoin a Jefferson

Circuit Court discovery order. U of L and Fenton now seek review of the

adverse decision in this Court. The sole question presented is whether the

work-product privilege[1] precludes discovery.

For the second time, this case is before this Court for resolution of a

discovery dispute related to production of allegedly privileged materials. The

lengthy historical and procedural history in this matter was detailed in our

---

[1] Kentucky Rules of Civil Procedure (CR) 26.02(3)(a).

previous opinion, *Univ. of Louisville v. Eckerle,* 580 S.W.3d 546 (Ky. 2019) ("*Eckerle I*"). A comprehensive recitation of those same facts and history is unnecessary for deciding the issue presented for review. In summary, Dr. C. William Helm first filed suit against U of L in 2014 related to his employment and the 2010 nonrenewal of his faculty appointment. During discovery, Helm sought production of notes and written communications between Fenton—an attorney who previously represented U of L and who also was retained to represent two of Helm's supervisors in a faculty grievance proceeding initiated by Helm—and any person affiliated with U of L relating to the grievance proceeding. U of L and Fenton refused to produce the requested documents, asserting they were protected from disclosure by the attorney-client privilege[2] and the work-product privilege. In September 2016 the trial court denied U of L and Fenton's request to quash the subpoena but determined the attorney-client privilege applied and ordered U of L and Fenton to produce a privilege log. U of L and Fenton sought a writ of prohibition in the Court of Appeals which was denied. A detailed privilege log was subsequently prepared. None of the 396 entries relied on the work-product privilege as a basis for exclusion from discovery.

In response to a renewed motion to compel filed by Helm seeking the same documents previously requested, the trial court reversed course in a February 15, 2018, order, which permitted discovery of all communications

---

[2] Kentucky Rules of Evidence (KRE) 503.

between Fenton and anyone associated with U of L other than the two supervisors Fenton represented in the faculty grievance proceeding. U of L and Fenton again sought a writ in the Court of Appeals. That Court remanded to the trial court for additional findings regarding the applicability of the attorney-client privilege. After the trial court complied with the order on remand and concluded the attorney-client privilege did not apply, the Court of Appeals denied the writ petition.

U of L and Fenton appealed the denial to this Court. In *Eckerle I,* we concluded the disputed materials were not entitled to protection from production by the attorney-client privilege and affirmed the Court of Appeals on that issue. However, because its decision failed to address the separate issue, we remanded the matter to the Court of Appeals for a determination of whether the work-product privilege was applicable.

The Court of Appeals subsequently remanded the matter to the trial court for additional fact finding relative to the work-product privilege. On January 17, 2020, the trial court entered an order finding the disputed communications were not protected by the work-product privilege. In support, the trial court found the lack of an attorney-client relationship between Fenton and the U of L employees apart from the two supervisors eliminated the possibility of the creation of any work product. Additionally, the trial court found U of L had previously relied only on the attorney-client privilege in seeking to prohibit disclosure and had not asserted the work-product privilege

3

until the most recent entreaty to the appellate courts. For the third time, U of L and Fenton sought a writ of prohibition/mandamus.

The Court of Appeals concluded the trial court was incorrect in holding the absence of an attorney-client relationship foreclosed applicability of the work-product doctrine. However, based on a review of the record, the Court of Appeals held Fenton's communications were not made in anticipation of litigation and therefore did not constitute attorney work product. In support, the Court of Appeals noted Fenton had executed an affidavit which failed to address the work-product privilege and did not detail how any of the communications were made in anticipation of litigation. Further, the Court of Appeals indicated investigations related to faculty grievance proceedings are undertaken in the normal course of U of L's business practices and noted the four-year delay between the communications at issue and Helm's filing of the instant lawsuit weighed against applying the privilege. Because U of L had failed to meet its burden of proving entitlement to the privilege or that the trial court had clearly erred, the Court of Appeals denied the requested writ. This appeal followed.

Before this Court, U of L and Fenton assert the Court of Appeals erred in failing to acknowledge or conclude the faculty grievance proceedings constituted "litigation" for purposes of the work-product privilege. Thus, they argue the ultimate decision by the Court of Appeals was based on a faulty premise, thereby rendering its denial of their writ petition infirm.

The standard for granting a writ of prohibition is set forth in *Hoskins v. Maricle* as follows:

> A writ . . . *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

150 S.W.3d 1, 10 (Ky. 2004); *see also* CR 81.

It is well-settled that writs of prohibition represent such an extraordinary remedy Kentucky courts "have always been cautious and conservative both in entertaining petitions for and in granting such relief." *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961). Whether to grant a writ is inherently discretionary and absent the existence of an overarching question of law dominating the controversy, we typically review the Court of Appeals' decision to grant or deny a writ for an abuse of discretion. *Southern Financial Life Ins. Co. v. Combs*, 413 S.W.3d 921, 926 (Ky. 2013) (citation omitted). Here, however, the Court of Appeals denied the writ petition without exercising discretion because it concluded U of L had failed to prove applicability of the work-product evidentiary privilege, and, for that reason, had failed to show the trial court acted in error by declining to prohibit disclosure of the requested documents. Thus, the abuse of discretion standard is inapplicable. Instead, because factual findings made by the Court of Appeals relative to applicability of the privilege are in question, we review them for clear error. *Id. See also*

5

*Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). If necessary, we review de novo the legal question of whether the privilege applies. *Id.*

The burden of proving applicability of a privilege rests solely on the party claiming its benefit. *Stidham v. Clark*, 74 S.W.3d 719, 725 (Ky. 2002) (citation omitted). "The essence of a privilege is to prohibit disclosure, and thus also discovery." *Commonwealth, Cabinet for Health and Family Servs. v. Chauvin*, 316 S.W.3d 279, 287 (Ky. 2010). Thus, privileges are disfavored and must be strictly construed. *Stidham*, 74 S.W.3d at 722-23 (citing *Slaven v. Commonwealth*, 962 S.W.2d 845, 853 (Ky. 1997)).

The work-product privilege is not a pure privilege and is far from absolute. The protection of this privilege stems from CR 26.02(3) and its applicability is determined under a two-part test:

> First, the court must determine whether the document is work product because it was prepared "in anticipation of litigation." . . . Second, if the document is work product, the court must determine whether the requesting party has a "substantial need" of the document and is unable to obtain the "substantial equivalent" without "undue hardship."

*Duffy v. Wilson*, 289 S.W.3d 555, 559 (Ky. 2009).

In the present appeal, the Court of Appeals denied U of L's petition for a writ after finding the university had failed to show Fenton's electronic communications were made "in anticipation of litigation" and therefore could not qualify as work product under the first prong of the CR 26.02(3) test. U of L contends the employee grievance process qualifies as "litigation" and the trial court and Court of Appeals erred in not so concluding. Alternatively, U of L

6

asserts litigation was imminent should the grievance process fail and therefore Fenton's communications should be deemed to have been made in preparation for the impending lawsuit. We disagree with U of L.

Over the course of this matter, U of L has presented a shifting stance on whether an employee grievance proceeding constitutes "litigation." Notably, when deemed beneficial to its defense, U of L has repeatedly referenced the grievance process as non-judicial, non-binding, and non-legal, not a tribunal, and has declared the grievance panels whose decisions are owed no deference outside U of L itself are not legal bodies equivalent to courts of law. Further, U of L has gone so far as to declare the "non-legal" nature of grievance process created no obligation to preserve documents *in anticipation of litigation.* Conversely, now that its previous position is no longer advantageous, U of L asserts the grievance process is quasi-judicial, akin to arbitration, mediation, or other forms of alternative dispute resolution, thereby entitling it to discovery protections.

In advocating this new stance, U of L paints a dim picture of the future of all non-judicial proceedings should this Court not accept its expansive view of what constitutes "litigation." However, the question of whether the university's employee grievance procedure qualifies as "litigation" for purposes of the work-product evidentiary privilege is not properly before us. U of L's transformed characterization of the nature of its employee grievance proceedings is of recent vintage, without having been previously presented to any lower court. In contravention of CR 76.12(4)(c)(v), U of L includes no statement of preservation

7

for this argument in its brief filed with this Court, and our review of the record has not uncovered any prior attempt to advance the present argument.

Attempting to present new reasons supporting its position at this late date is improper. The argument could have been raised in the trial court, but most certainly should have been raised before the Court of Appeals—which was acting as a trial court in the initial writ proceedings.

"[A] party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it." *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964). It is axiomatic that a party may not "feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321, 327 (Ky. 2010) (citations omitted)). To the extent the Court of Appeals was not presented this additional argument, nor given the opportunity to rule thereon, we shall not consider it for the first time on appeal.

Nevertheless, even were we inclined to entertain this new argument at such a late stage in this already aged dispute, we believe U of L was correct in its initial assessment of the qualities of the university's employee grievance process; that is, it does not constitute litigation. Although the parties in the employee grievance process are typically represented by attorneys, the mere presence of counsel does not magically transform an internal, non-binding process regarding employment disputes among colleagues and coworkers into a judicial or even quasi-judicial action. Likewise, U of L's untimely epiphany and

8

unilateral characterization of its employee grievance process as "litigation" as required under the work-product evidentiary privilege is likewise insufficient to transform the character of the internal, non-binding proceedings.

Next, we turn to U of L's assertion that the Court of Appeals erred in concluding Fenton's communications were not prepared in anticipation of litigation. We hold it did not. Determination of whether a document was prepared in anticipation of litigation is judged by "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Duffy*, 289 S.W.3d at 559. Litigation must be imminent or pending, and "the mere potential for litigation is not sufficient to place documents within the scope of the work-product doctrine." *Univ. of Kentucky v. Lexington H-L Servs., Inc.*, 579 S.W.3d 858, 865 (Ky. App. 2018).

Here, the Court of Appeals reasonably concluded Fenton had not attempted to address, and U of L had not shown, how any of the communications from 2009-2010 had been prepared in anticipation of a lawsuit filed nearly four years later. The Court of Appeals also reasonably found the faculty grievance process and investigation was conducted in the normal course of the university's business, rather than in anticipation of impending litigation. Based on these factual findings, the Court of Appeals held U of L had failed in its burden of demonstrating Fenton's communications constituted work product for purposes of invoking the evidentiary privilege. Although U of L alleges litigation was imminent if the grievance could not be

9

informally resolved, we deem it is unreasonable to expect litigation to stem from each and every employee grievance proceeding. Based on our review of the record, we are unpersuaded the Court of Appeals clearly erred in its assessment that Fenton's communications were unrelated to any litigation—whether actual, imminent, or threatened. Having reasonably found U of L did not carry its burden of demonstrating entitlement to the work-product evidentiary privilege because of the failure to satisfy the first prong of the test under CR 26.02(3), the Court of Appeals committed no error in declining to issue the requested writ.

For the foregoing reasons, the Court of Appeals order denying U of L and Fenton's petition for a writ of prohibition/mandamus is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Craig Christman Dilger
Steven Terrell Clark
Stoll Keenon Ogden PLLC

APPELLEE:

Hon. Audra J. Eckerle
Judge, Jefferson Circuit Court

COUNSEL REAL PARTY IN INTEREST, C. WILLIAM HELM:

Michael Wayne Oyler
Furman & Nilsen PLLC

10