RENDERED: APRIL 2, 2015
TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000403-MR

DATE 4-23-15 _____ DC

REGINA D. WHITE                                               APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                            CASE NO. 2014-CA-000824
JEFFERSON CIRCUIT COURT NO. 12-CR-03891

HON. BARRY WILLETT, JUDGE,                      APPELLEE
JEFFERSON CIRCUIT COURT

AND

DOMINIQUE GRIER                        REAL PARTIES IN INTEREST
AND COMMONWEALTH OF KENTUCKY

**OPINION OF THE COURT BY JUSTICE CUNNINGHAM**

**REVERSING AND REMANDING**

On December 20, 2012, the Jefferson County grand jury indicted Appellant Regina D. White and Dominique Grier, aka "Pac Man," a real party in interest, with murder, first-degree burglary, first degree robbery, and tampering with physical evidence. All charges were premised on a complicity theory. On September 16, 2013, Appellant pled guilty to robbery, burglary, and tampering with physical evidence in exchange for a recommended sentence of ten years' imprisonment. Pursuant to that agreement, Appellant agreed to testify truthfully and cooperate in the prosecution of Grier. During the plea colloquy, Appellant testified that she had been treated for various mental illnesses and

drug addictions. She identified one provider as Seven Counties Services ("Seven Counties"). No competency examination was ordered. The court accepted her plea and immediately sentenced her in accord with that agreement.

On September 17, 2013, co-defendant Grier filed a motion for an in camera review of Appellant's psychotherapy records from *all* previous mental health providers. The prosecutor and Greir's attorneys were present at a hearing on that motion. No one appeared on behalf of Appellant. Grier argued that Appellant's mental health records were relevant as to the Appellant's credibility. The trial court expressed reservation concerning its authority to issue such a broad order.

Only two specific institutions had ever been identified as possibly having exculpatory records—Seven Counties and Phoenix Health Services ("Phoenix").[1] Nevertheless, in an order entered on October 31, 2013, the court ordered that:

> *Counsel for defendant* Regina White shall inquire of Ms. White and provide the Court with the names and addresses of every physician, psychiatrist, psychologist, counselor and/or mental health professional that has provided mental health services to Ms. White since January 1, 2000. (Emphasis added).

Appellant filed a motion to set aside that order. Prior to the hearing on that motion, the court—in separate orders—directed that Seven Counties and Phoenix produce for in camera review, any records concerning Appellant's treatment.

---

[1] The factual basis underlying the order directing disclosure of the Phoenix records is unclear.

2

Therefore, there were three discovery orders outstanding. One required Appellant's counsel to inquire of his client the names and addresses of all mental health providers over the past fourteen years. Counsel was to produce such information to the court. The other two discovery orders were directed at Seven Counties and Phoenix.

In an order dated April 16, 2014, the court denied Appellant's motion to set aside the October 31, 2013, order. Instead, the court amended that order, thereby requiring Appellant's counsel to immediately disclose, directly to Grier's counsel, the information set forth in the October 2013 order. The orders relating to Seven Counties and Phoenix were never challenged.

However, on May 22, 2014, Appellant petitioned the Court of Appeals for a writ to preclude the circuit court from enforcing the October 31, 2013 and April 16, 2014, discovery orders. To reiterate, these two orders collectively directed the Appellant's counsel to disclose to Grier's attorney the "names and addresses of every physician, psychiatrist, psychologist, counselor and/or mental health professional that has provided mental health services to Ms. White since January 1, 2000." The Court of Appeals denied Appellant's petition and she appealed to this Court. Having reviewed the facts and the law, we reverse the Court of Appeals.

## Analysis

An appellate court has discretion to grant a writ where a trial court is proceeding within its jurisdiction upon a showing that the court is (1) acting or is about to act erroneously, (2) there exists no adequate remedy by appeal or

otherwise, and (3) great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). We review the Court of Appeals' determination under an abuse of discretion standard. *Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky. 2007).

"[T]here will rarely be an adequate remedy on appeal if the alleged error is an order that allows discovery." *Grange Mutual Insurance Company v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). Thus, we determine that there is no adequate appeal or other avenue that would remedy the disclosure of Appellant's psychotherapy records in this instance. Regarding the necessity of demonstrating great injustice and irreparable injury, *Commonwealth v. Barroso*, is controlling. 122 S.W.3d 554 (Ky. 2003). In *Barroso*, this Court held that:

> [i]f the psychotherapy records of a crucial prosecution witness contain evidence probative of the witness's ability to recall, comprehend, and accurately relate the subject matter of the testimony, the defendant's right to compulsory process must prevail over the witness's psychotherapist-patient privilege.

> *Id.* at 563 (citing KRE 507).

We further determined that:

> *in camera* review of a witness's psychotherapy records is authorized only upon receipt of evidence sufficient to establish a reasonable belief that the records contain exculpatory evidence.

> *Id.* at 564.

In contrast to the procedure outlined in *Barroso*, the trial court in the present case failed to articulate evidence sufficient to establish a reasonable belief that Appellant's psychotherapy records contained exculpatory evidence. The court

4

made no findings whatsoever in the October 31, 2013 and April 16, 2014 orders.

Having reviewed the record, it is clear that the evidence revealing that Appellant suffered mental infirmities came from Appellant herself, in response to the trial court's inquiry into her mental faculties during the guilty plea colloquy. *See Boykin v. Alabama,* 395 U.S. 238 (1969). During that proceeding, Appellant further discussed her psychological history as a result of additional questioning by her trial counsel. That evidence was sufficient to establish a reasonable belief that Seven Counties possessed exculpatory records because Appellant admitted to receiving treatment there. A record of this evaluation and treatment could bring into question her credibility, and thus be exculpatory for the defendant. That order is not before this Court.

However, the breadth of the trial court's October 2013 and April 2014 orders exceeded the bounds permitted by *Barroso.* A defendant's right to compulsory process does not automatically extinguish the protections afforded under KRE 507. As such, the proponent of the disclosure order bears the initial burden of identifying specific records, or at least specific institutions or medical professionals in possession of such records. The proponent must then establish a reasonable belief that such records contain exculpatory information. To the contrary, the blanket orders from October 2013 and April 2014 epitomize the type of court sanctioned fishing expedition that *Barroso* cautioned against. Those records are nothing more than a shotgun blast of

5

discovery authorizing an overly broad invasion into Appellant's privacy. A closer observation of the underlying issue in *Barroso* is instructive.

The issue in *Barroso* arose when the prosecutor provided defense counsel with copies of records from Kosair Children's Hospital where the victim had been treated shortly after she reported to the police that the defendant raped and robbed her. Those records provided details concerning the victim's previous treatment for depression, and "also contained a report reflecting that [the victim] had been admitted to Baptist East Hospital for depression . . . ." *Barroso*, 122 S.W.3d at 557. Defense counsel then requested that the trial court review the Baptist East records for exculpatory information. This is strikingly different than the present case, where the court compelled Appellant to provide the names and addresses of *all* psychiatric professionals who have treated her over the past *fourteen years*. Cases applying *Barroso* have observed this distinction.

For example, in *Commonwealth, Cabinet for Health and Family Services v. Bartlett*, we held that the trial court properly ordered discovery of KASPER records, notwithstanding a statutory bar on their disclosure. 311 S.W.3d 224 (Ky. 2010). In so holding, we affirmed the Court of Appeals' denial of the petitioner's writ. *Id.* Unlike the present case, the proponent of the disclosure order in *Bartlett* sought detailed and specific records that were known to be in the possession of the Cabinet. We further stated that "a criminal defendant has a right to raw data, too, should it be exculpatory." However, this does not include the swath of information contested in the present case. *Id.* at 228.

6

There is another problem with the court's orders at issue here; they directed the Appellant's lawyer to do something which the lawyer could only do by obtaining the information from that lawyer's client. This is an inappropriate intrusion into the attorney client privilege and writ worthy in and of itself. SCR 3.130 (1.6) and (1.9).

In sum, the trial court's authority to order the disclosure of psychotherapy records under *Barroso* is directed at medical personnel and institutions in possession of those records, not the testifying witness who's treatment and psychiatric history may be the subject of those records, nor the witness' current or former counsel.

## Conclusion

For the foregoing reasons, the judgment of the Court of Appeals is hereby reversed and this case is remanded to the trial court. The Appellant's petition for writ before the Court of Appeals is granted and the trial court's October 31, 2013 and April 16, 2014 orders are vacated. The trial court's orders regarding records from Seven Counties Services and Phoenix Health Services remain in effect. Any further proceedings on this issue shall comport with the foregoing analysis and *Barroso.*

All sitting. All concur.

COUNSEL FOR APPELLANT:

Daniel T. Goyette
James David Niehaus
Office of the Louisville Metro Public Defender


APPELLEE:

Hon. Barry Willett
Judge, Jefferson Circuit Court


COUNSEL FOR DOMINIQUE GRIER, REAL PARTY IN INTEREST:

Wayne McKinley Adams, Jr.


COUNSEL FOR COMMONWEALTH OF KENTUCKY, REAL PARTY IN INTEREST:

Leland Taylor Hulbert, Jr.
Dorislee J. Gilbert