# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 15, 2016
NOT TO BE PUBLISHED
FINAL

# Supreme Court of Kentucky

## 2016-SC-000288-MR

JASON PALMER, INDIVIDUALLY,
AND IN HIS OFFICIAL CAPACITY
AS A KENTUCKY STATE POLICE
OFFICER

APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.           CASE NO. 2016-CA-000285
FAYETTE CIRCUIT COURT NO. 08-CI-02413

HON. PAMELA GOODWINE, JUDGE
FAYETTE CIRCUIT COURT

APPELLEE

AND

PAUL CARTER, SR.

REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING AND DENYING WRIT OF PROHIBITION

Around 1 a.m. on October 14, 2006, Appellant, Kentucky State Trooper

Jason Palmer, pulled over a vehicle driven by Paul Carter. When Appellant

approached the car, he saw Carter put something in his mouth. Soon

thereafter, Carter said that he "didn't mean to swerve in front of [Appellant]."

Appellant informed Carter of his *Miranda* rights. While searching Carter's

vehicle, Appellant discovered marijuana roaches, which are remnants of

marijuana cigarettes, used to smoke the drug. Carter acknowledged that he was aware of their presence in the vehicle and also stated that he placed marijuana roaches in his mouth at the beginning of the traffic stop.

Kentucky Vehicle Enforcement Officer Michael Mayes arrived at the scene and performed sobriety tests on Carter. Officer Mayes had been trained in detecting drug intoxication. Mayes advised Appellant that he believed Carter was intoxicated. As such, Appellant transported Carter to the Fayette County Detention Center where he was thoroughly searched, revealing marijuana and cocaine concealed in his underwear.

Appellant issued an arrest citation including the following offenses: two counts of possession of marijuana; first-degree possession of a controlled substance (cocaine); tampering with physical evidence; possession of drug paraphernalia; first-degree promoting contraband; and driving under the influence. Carter was subsequently indicted by a Fayette County grand jury on December 27, 2006. There is no recording of that proceeding.

Sometime around March 28, 2007, a suppression hearing was held in which Carter argued that he had been unlawfully detained by Appellant during the traffic stop. Appellant testified at the hearing that there was no video recording of the traffic stop. However, Carter's counsel subsequently procured such a recording. On May 16, 2007, the parties presented an agreed order dismissing all charges with prejudice, which the court entered.

Carter initiated a civil action against Appellant and others in Fayette Circuit Court alleging numerous constitutional and tort violations, including

2

malicious prosecution claims under federal and state law. That action was successfully removed to federal court where it was subsequently referred to U.S. Magistrate Judge Robert Wier for disposition. Judge Wier granted summary judgment in favor of Appellant and the other civil defendants concluding, *inter alia*, that there was probable cause to prosecute Carter. The court dismissed all claims with the exception of the state law malicious prosecution claim, which the court remanded to the state court for disposition.

On remand in Fayette Circuit Court, Appellant and the other defendants moved for summary judgment, which was granted. In support, the court erroneously determined that state and federal malicious prosecutions claims are identical. Compare *Martin v. O'Daniel,* __ S.W.3d __, 2016 WL 5244518 (Ky. Sept. 22, 2016) (requiring malice for malicious prosecution claims brought under Kentucky law); and *Sykes v. Anderson,* 625 F.3d. 294, 309 (6th Cir. 2010) ("This circuit has never required that a plaintiff demonstrate 'malice' in order to prevail on a Fourth Amendment claim for malicious prosecution . . . .").

However, the Fayette Circuit Court reconsidered and reversed its initial ruling stating that "this Court cannot in good conscience agree with Judge Wier's malicious prosecution analysis, which concludes that there was, in fact, a finding of probable cause." Accordingly, the court vacated its previous order granting summary judgment which had been entered in Appellant's favor.

Appellant filed an interlocutory appeal with the Court of Appeals which affirmed the trial court in part, reversed in part, and remanded. The court

3

held, *inter alia,* that Appellant's testimony in the underlying judicial proceedings could not provide a basis for a malicious prosecution claim. The court further explained:

> [that] is not to say that the entirety of Carter's suit should be dismissed on grounds of absolute testimonial immunity, however. Carter's complaint and other pleadings indicate that his suit is also based upon a non-testimonial, pretrial act, namely, [Appellant's] authoring of a citation charging him with offenses which— according to Carter and his interpretation of the stop and arrest video—[Appellant] knew were baseless.

On remand in Fayette Circuit Court, Appellant filed a motion in limine to prohibit any reference to Appellant's testimony during the criminal proceedings wherein he claimed that a video of the traffic stop and arrest did not exist. Carter also filed a motion in limine to exclude evidence of his criminal history and the criminal charges filed against him. The court denied Appellant's motion and granted Carter's motion. Appellant then filed an original action with the Court of Appeals requesting an order prohibiting the trial court from enforcing its order denying Appellant's motion in limine and granting Carter's motion in limine.

The Court of Appeals denied the writ request and Appellant appealed to this Court. Having reviewed the facts and the law, we affirm the Court of Appeals' decision.

## Analysis

An appellate court has discretion to grant a writ where a trial court is proceeding within its jurisdiction upon a showing that the court is: 1) acting or is about to act erroneously; 2) there exists no adequate remedy by appeal or

4

otherwise, and 3) great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).

"The usual requirement that a petitioner show great and irreparable injury, however, 'is not an absolute prerequisite' to the issuance of a writ." *Independent Order of Foresters v. Chauvin*, 175 S.W.3d 610, 616 (Ky. 2005) (citing *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961)). As stated in *Bender*:

> [I]n certain special cases this Court will entertain a petition for prohibition in the absence of a showing of specific great and irreparable injury to the petitioner, provided a substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration.

> *Bender*, 343 S.W.2d at 801.

We review the Court of Appeals' determination under an abuse of discretion standard. *Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky. 2007).

We have previously held that "violation of a privilege satisfies both the requirement of no adequate remedy by appeal, 'because privileged information cannot be recalled once it has been disclosed,' and the substitute requirement in 'special cases' that the administration of justice would suffer." *Collins v. Braden*, 384 S.W.3d 154, 158 (Ky. 2012) (citing *St. Luke Hospitals, Inc. v. Kopowski*, 160 S.W.3d 771, 775 (Ky. 2005)). However, the issue here is immunity, not privilege. Any analogy that may be drawn between the two is insufficient to satisfy our "special case" exception for writ review.

Lastly, Appellant has failed to demonstrate that the trial court's order granting Carter's motion in limine to exclude evidence is writ worthy. More

5

specifically, Appellant has failed to indicate that he has no adequate remedy on appeal or that the court's evidentiary ruling would result in irreparable injury if relief is not granted.

## Conclusion

For the foregoing reasons, we affirm the Court of Appeals' order denying Appellant's request for a writ of prohibition.

All sitting. All concur.


COUNSEL FOR APPELLANT:

William E. Johnson


APPELLEE:

Hon. Pamela Goodwine
Judge, Fayette Circuit Court


COUNSEL FOR REAL PARTY IN INTEREST:

Gayle Elizabeth Slaughter