OPINION of the Court, by
Ch. J. Boyi.e
— -This was an action of assumpsit. Two counts are laid in the declaration. The first in substance charges, that in pursuance of H an act to incorporate the Frankfort bridge company,” Instone, the defendant, on the lOih day of January 1810, subscribed twenty shares in the capital stock of the company, the shares being one hundred dollars each ; that the company having been duly organ-ised, and the directors elected, the said directors, in pursuance of the powers vested, in them by the compa- *577 tiVs arid by the act aforesaid, on the 14th day oí February 181-0, ordered that an instalment of ten dollars on each share in the stock of the company be called in, payable on the 24th day of March next thereafter, and that the clerk of said company take negotiable notes with an endorser from each shareholder, for the amount payable by him. Of all which the defendant then and there had nottc", by reason whereof, and by virtue of the art of a'-sembly in such case made and provided, he became liable to pay said" instalments, on said twenty -bjii r, according to the tenor and effect of said order ; in cotisidennon whereof he then and there promised to pay, &c. The second count does not very materially vary in its general outlines from the first, and need not therefore be particularly stated- The defendant pleaded non assumpsit, upon which issue was joined.
Whenever there Is a legal liability, the law raises a promise.
The remedy given by ftaiute to fell the ¿hares of a delinquent ftock-hoider is cumulative j by-virtue of the incorporation, the right to fue * for debts due the company, belonged to. the company, which is not taken away by an affirmative grant of another remedy*
The attempt to fell the ¿hares, which proved unfuc-cefsful, did not deprive the company of the remedy by action.
On the trial he filed a bill of exceptions which in substance states, that it was agreed between the parties, that the defendant had subscribed for twenty shares ; that it was admitted by the plaintiff, that on the 16th day of April 1810, the said twenty shares were exhibited for sale in compliance with an order of the directors, and agreeable to an advertisement ; that only two of the shares were sold, and they sold for the instal-ments then due on each of them, and a return thereof made, and an entry on the Rooks of the directors that the others were not sold for want of bidders ; that on the part of the defendant, it was admitted that the company was regularly organized and the directors duly chosen, that the orders for the payment of the instal-ments were made by the directors, add the demand thereof made as in the declaration is set forth ; which, together with the act of incorporation, was the whole of the evidence in the cause. Whereupon the defendant by his counsel, moved the court to instruct the jury that the law was with the defendant on the whole case, and that the plaintiff had shewn no cause of action ; but the court refused to give the instruction, and a verdict and judgment having been given for the plaintiff, the defendant has appealed fo this court.
The first error assigned, alleges that the declaration is insufficient, in not having set forth the nature or terms of the subscription for shares taken by the defendant, nor any statement of facts which can constitute a legal *578 and valid consideration for the promises alleged ta have been made by the defendant to the companv.
fitt. E- L. K, Vol, i, p. joo,
In some respects the declaration is less formal and technical than it might have been, but is we think substantially good. The number of shares, and the amount of each is stated, and the nature and terms of the subscription in other respects were not necesasrv to be set forth, otherwise than by a reference to the act oi incorporation. The act, though a prívate ene, wc arc bound to notice without being specially pleaded ; (if) and as the nature and terms upon which shares were to b t subscribed are apparent from ns provisions, the averment that the defendant subscribed in pursuance of the act, is sufficient. Nor can the objection that the declaration contains no statement of facts which constitute a legal and valid consideration for the promises alleged to have been made by the defendant, be sustained. By the subscription he became ipso facto a member of the association, and the rights and immunities which attached to him in that capacity, constitute a sufficient consideration to impose upon him a legal obligation to pay according to the terms upon which shares were authori-sed to be subscribed. When therefore the company was legally organised, the directors duly elected and they had (as they were authorised to do by the act of incorporation) prescribed that an instalment of ten dollars upon each share subscribed, should be paid by a given day, and the defendant had notice thereof, all which are averred in the declaration, he became legally liable to pay the amount of such instalment, upon the shares held by him ; and whenever there is a legal liability, the law creates a promise upon which an action of assumpsit will lie.
The second error assigned is, that the last count is defective in alleging the demand of the payment of the instalment therein mentioned to have been made by the treasurer instead of the clerk of the company, to whom the payment was by the order of the directors to be made.
This objection is founded upon a mistake in point of fact, but w,ere it true in fact and sufficient in law, it could not now be regarded. Entire damages are given in this case, and although where there are several counts in the declaration, one of which is faulty, the *579 de fen Jain may applv (a) to the court to instruct the jury to disregard such faulty count, yet if entire dama- . gas are given, the verdict will be good. i
The third and last error assigned is, that the court below erred in not giving the instruction to the jury required by the deier.dant, as stated in the hill ot exceptions. To have a correct view of the nature of the objection intended to be made by the bill of exceptions, it is necessary to advert to the 11th sec. of the act of incorporation. That section, after providing that the amount of each share shall be paid in such instalments as the company by themselves or their directors should prescribe, declares that “ if the instalment required on any? share shall not be paid at the time prescribed, the directors shall have power, on giving nvo weeks notice by advertisement in one or more newspapers published in Frankfort, to sell by public auction, all the right and interest of the holder or proprietor in such share, and if the share so disposed of shall sell for more than the amount oí the instalment or instalments due upon it, the overplus shall be held by the company at the disposal of such delinquent proprietor.”
It is contended on the part of the defendant, that as the statute has given the company power to proceed against a delinquent shareholder, by exposing his shares to public sale, they can have no right to resort to a remedy by action. This position can only be maintained upon the principle that for the default of a shareholder in not paying what is due upon his subscription, the company would have had no remedy unless it had been expressly given by the act of incorporation, or upon the principle that the right given by the act to sell the shares of a delinquent subscriber, is a negative of the company’s right to any other remedy.
The first of these principles is evidently inadmissible. A corporation is an artificial person, which when formed and named acquires many powers, capacities and incapacities. Some of these, as Blackstone observes, are necessarily and inseparably incident to every corporation, and are tacitly annexed of course as soon as the corporation is duly erected, Such is the right or capacity to sue or be sued, implead or be impleaded, grant or receive, and do all other acts as a natural person may — 1 Blac. Com. 502. It follows therefore, that *580 the right to sue would attach to the company as soou as it was organised, upon principles of the common law, independent of any provision in the act creating company. Nor can we perceive that it can make any difference with respect to the right to suit, whether the debt or demand is due by subscription, or accrues on any other account. The subscriber is as much bound to pay the amount ol (he shares subscribed by him, as he would be to pav any other debt, and the right of the company to demand payment is no less incontestable. Where there is thus an obligation upon the one to pav, amia right in the other to demand payment, the failure to pav necessarily superinduces a remedy by suit.
That the provision of the act giving to the company the right to sell she shares oí a delinquent subscriber, does not amount to a negative of their right to any other remedy, seems equally dear.
The provision is in the affirmative, and it is a maxim of law, that an affirmative statute does not take away the common law. The remedy therefore given by the act is cumulative only, and the company had a right to resort either to that, or the remedy which the common law gave. It was mentioned in the argument as a rule of law, that where a statute creates a right, and prescribes a mode in which it shall be enforced, the mode prescribed by the statute, and no other, must be pursued. Whether such a rule exists or not, is not material to decide ; for it is plain, that it is wholly inapplicable to the case before the court. The right to the demand due from the defendant, was not given to the company by the act of incorporation. That act by creating the corporation gave it a capacity to acquire the right, but the right itself was acquired by the defendant’s becoming a subscriber : its existence therefore, depended upon his consent, and was not and could not have been created by the act of incorporation.
But it is further urged, that as the company have-elected to proceed under the act, by exhibiting for sale the shares subscribed by the defendant, they are precluded from resorting to a suit at law. Had the shares been sold, their right to sue the defendant would without doubt have been destroyed.
*581 But an unsuccessf ul attempt to sell, must surely be attended with a different effect. In that case his right to the shares and to the immunities and emoluments attached to them remained ; and»therefore, according to the .dictates of law, as well as»a.:l:common sense, his obligation to pay could not be'extinguished.
Judgment must be affirmed, with damages and costs.

 Littell's E. L. K. Vol. 1, p. 500.