Geneva MAHONEY, as Executrix of the Estate of Louise Roberts, Deceased, Appellant,

v.

Hon. Judith McDONALD–BURKMAN, Judge Jefferson Circuit Court, Division 9, Appellee

and

Sandeep Kapoor, M.D., Caritas Physicians Group, Inc., John S. Harris, M.D. and Cardiovascular Associates, P.S.C., Real Parties In Interest.

No. 2009–SC–000578–MR.

Supreme Court of Kentucky.

Aug. 26, 2010.

Grover Simpson Cox, Theodore L. Mussler, Jr., Mussler & Associates, Louisville, KY, Counsel for Appellant.

Judith McDonald–Burkman, Judge Jefferson Circuit Court, Division 9, Louisville, KY, for Appellee.

Daniel Garland Brown, David Bryan Gazak, Darby and Gazak, PSC, Louisville, KY, Counsel for Sandeep Kapoor, M.D. and Caritas Physicians Group, Inc./Real Parties in Interest.

Douglass Farnsley, Sites & Harbison, Louisville, KY, Counsel for John S. Harris, M.D. and Cardiovascular Associates, PSC/ Real Parties in Interest.

Opinion of the Court by Justice VENTERS.

Appellant, Geneva Mahoney, Executrix of the Estate of Louise Roberts, appeals from an Order of the Court of Appeals denying her Petition for a Writ of Mandamus. Appellant seeks to compel the Respondent, Judge Judith McDonald–Burkman, to disqualify three witnesses in order to bar their depositions from being read at trial. For the reasons set forth below, we affirm the Court of Appeals.

### FACTUAL AND PROCEDURAL BACKGROUND

The petition for a writ of mandamus arises out of an action pending before Respondent in the Jefferson Circuit Court. Appellant's decedent[1] initiated the case when she brought a medical malpractice claim against Jewish Hospital & St. Mary's Healthcare, Inc. (the Hospital) and Sandeep Kapoor, M.D., Caritas Physicians Group, Inc., John S. Harris, M.D., and Cardiovascular Associates, P.S.C. (referred to collectively as the Real Parties In Inter-

est). The claim against the Hospital was based on the alleged negligence of the nurses who treated Louise Roberts. Prior to filing the suit, counsel for Appellant secured expert opinions and advice from three experts on nursing care. At the appropriate time during pretrial discovery, Appellant disclosed pursuant to CR 26.02(4)(a) the identities of the three nursing experts that she expected to use as witnesses at trial, along with the substance of the facts and opinions to which they were expected to testify. That information detailed the witnesses' opinions that the Hospital's nurses rendered substandard care which caused or contributed to Roberts's injuries.

Several weeks prior to the trial date, Appellant settled her claim against the Hospital. She then filed a pleading entitled "Redaction of Plaintiff's Witness List" in which she withdrew from her list of trial witnesses the three nursing experts that she had previously disclosed. She also filed a pleading purporting to designate the three experts as being "used only for trial preparation on behalf of [Appellant]." Shortly thereafter, counsel for Appellant rejected the Real Parties In Interest's request to take pretrial depositions of the three experts. The Real Parties In Interest then moved the trial court for an order under CR 26.02(4)(a)(ii) to allow the taking of the experts' depositions.

Appellant argued without success that CR 26.02(4)(a)(ii) allows discovery depositions only of adverse experts who will be called as trial witnesses, and that once it became known that Appellant would not present trial testimony from her three nursing experts, there was simply nothing

1. Upon Louise Roberts's death, the action was revived in the name of Appellant as Executrix of Roberts's Estate.

for the Real Parties In Interest to discover. Appellant argued further that the three experts, now serving only as consulting experts for Appellant's counsel, were cloaked by the attorney's work-product privilege with immunity from further discovery. The trial judge granted the Real Parties In Interest's motion based upon a literal reading of CR 26.02(4)(a)(i) and (ii). Although CR 26.02(4)(a)(i) enables a party to discover the identity of experts "whom the other party expects to call as an expert witness at trial," CR 26.02(4)(a)(ii) provides that "[a]fter a party has identified an expert witness in accordance with [CR 26.02(4)(a)(i) ] any other party may obtain further discovery of the expert witness by deposition ... pursuant to Rules 30 and 31." The trial court reasoned that, notwithstanding Appellant's subsequent withdrawal of the experts from her list of trial witnesses, further discovery by deposition was allowable under CR 26.02(4)(a)(ii) because they were at one time identified as witnesses. Significantly for the issues before this Court, the depositions were taken.

■ Armed with the depositions of the three nursing experts who placed blame for Appellant's injuries on the Hospital, the Real Parties In Interest disclosed their intention to call the three experts as witnesses by reading their depositions, or portions thereof, at trial. Appellant then moved the trial court to disqualify the three from being used as witnesses for the Real Parties In Interest. When her motion was denied, Appellant filed in the Court of Appeals a Petition for a Writ of Mandamus to compel the Respondent to disqualify the witnesses. The Court of Appeals determined that the issue of whether the depositions could be used as evidence at trial was an evidentiary issue for which Appellant had an adequate remedy, and that Appellant was not faced with great and irreparable injury that could not be remediated by appeal. It therefore declined to issue the writ.[2] We agree.

## ANALYSIS

■ A writ of mandamus or prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise, and great injustice and irreparable injury will result if the petition is not granted. *Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky.2009) (quoting *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004)). Absent extraordinary circumstances, we review the decisions of the Court of Appeals in such cases under the abuse of discretion standard. *Grange Mutual Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004).

■ In denying Appellant's motion, the trial court clearly acted within her jurisdiction. The only avenue for writ relief is in Appellant's claim that the trial court acted or was about to act erroneously in a way

**2.** Petitioner styled this original action as a writ of mandamus, and we have structured our review accordingly. However, it may be argued that petitioner is seeking to prohibit the court from enforcing its ruling that the depositions be admitted, which would fall more within a writ of prohibition (to prevent the trial court from acting erroneously). However, we need not elaborate upon the difference between the two types of writs and which writ best applies to these facts. Treating petitioner's argument as one for a writ of prohibition would produce the same result as the standard for issuance of either type of writ is the same. *Martin v. Administrative Office of Courts*, 107 S.W.3d 212, 214 (Ky. 2003).

that would cause Appellant great and irreparable injury for which appeal would not be an adequate remedy. The error Appellant alleges was the trial court's order to allow the depositions of the three nursing experts to be taken. Appellant points out that this Court has not addressed the question of whether CR 26.02 allows a party to depose the other side's expert after the expert has been withdrawn from the list of trial witnesses, and discovery from that expert is no longer needed. In *Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky.2007), we held that the attorney-client privilege attached to prevent discovery of communications of a consulting expert under CR 26. Citing *Trude*, 151 S.W.3d at 810, we pointed out in *Sowders* that when the alleged error is an order allowing discovery of privileged matters, rarely will appeal provide an adequate remedy. *Sowders*, 241 S.W.3d at 322. Appellant thus argues that her initial decision to use the consulting experts as her witnesses, and then her reversal of that decision, does not alter the fact that they remained consulting experts, protected by the work product privilege. However, the allure of Appellant's argument is lost because whatever degree of protection *Sowders* afforded against the disclosure of a consulting expert's opinions, and whatever urgency it placed upon preventing the disclosure of an attorney's work product by deposing a consulting expert, the fact remains that the depositions in this matter have already been taken. Whatever damage to the work product privilege or attorney-client privilege that application of *Sowders* might have prevented, has already occurred. A writ of mandamus or prohibition serves only to prevent injury, not to remedy it.

Notwithstanding any possible disclosures of privileged information in the depositions of her three experts, Appellant argues that the Court of Appeals erred in failing to recognize that substantial injustice will result from the use of the depositions at trial by the Real Parties In Interest. Appellant argues that allowing the use of the depositions at trial unfairly allows the Real Parties In Interest the financial advantage of gaining favorable trial testimony[3] at the expense of her time, money, and effort, and her counsel's effort in obtaining the witnesses and securing their opinions. Appellant further notes that she will be prejudiced at trial by the insinuations of the Real Parties In Interest that those experts are due more credence because Appellant's counsel initially hired them.

■ Whether the trial court erred in allowing the depositions to be taken is an interesting question, but one which we decline to address in this procedural context. Nor do we express an opinion on whether it is error to allow the use of the depositions at trial. We agree that the Court of Appeals correctly determined that such matters fall squarely within the realm of trial errors which are remediable on appeal, and we conclude that the Court of Appeals did not abuse its discretion when it denied Appellant's petition for a writ of mandamus.

■ Appellant argues that she will suffer irreparable harm if she must proceed through a long and costly trial, tainted with erroneous trial court rulings, before obtaining appellate review of these perceived errors. She reminds us that medical negligence cases are "extremely ex-

3. Having settled her claims against the Hospital, Appellant would logically adopt a trial strategy of placing as much fault as she can on the Real Parties In Interest, who in turn would have a corresponding incentive to place as much blame as possible on the Hospital, using the help of the three expert opinions that Appellant had obtained.

pensive to practice" and asks that as we consider what falls within the description of "great and irreparable injury", we should take into account the inefficiency of trying a case twice, the tangible costs of preparing a complex case for trial, and the intangible costs of justice delayed. Her argument suggests that the burden on all of the parties by holding a trial before these issues are resolved would justify a relaxation of our view of what constitutes "great and irreparable injury" so as to enable us to rule on the evidentiary questions that her petition poses. The members of this Court are well aware of those concerns and are sympathetic to them. However, our jurisprudence on this point is sound and was settled long ago. "[Mandamus] is a proper remedy to compel an inferior Court to adjudicate upon a subject within their jurisdiction, where they neglect or refuse to do so; but where they have adjudicated, the *mandamus* will not lie for the purpose of revising or correcting their decision." *See Warren County Court v. Daniel,* 5 Ky. (2 Bibb) 573, 1812 WL 628 (1812). The same principle was upheld in *Futrell v. Shadoan,* 828 S.W.2d 649, 651 (Ky.1992) (holding that erroneous evidentiary disputes and rulings may be remedied by appeal) and noted in *Hoskins,* 150 S.W.3d at 19. Here, the use of the depositions at trial is purely an evidentiary issue. There is no longer a question about whether privileged or protected material will be disclosed because the depositions were taken. While mandamus may lie as a remedy to compel a trial court to decide such questions, it is not a means for reviewing the correctness of the trial court's decision once it is made.

From the perspective of a single case, a rule allowing for immediate interlocutory appellate review of an evidentiary issue may seem efficient and expedient. But from a larger perspective, it can be seen that the moderation of our rule to allow such appeals would impede the ability of the court system to move all cases toward an efficient resolution. Without the stringent writ standards, the resources of the appellate courts could easily be consumed with piecemeal appellate review of pretrial matters. The overall effect would be less efficiency and more costly delay in getting cases to trial. We therefore decline Appellant's invitation to deviate from the established rule.

### CONCLUSION

For the reasons set forth above, we affirm the order of the Court of Appeals denying the Appellant's Petition for a Writ of Mandamus.

All sitting. All concur.