# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000582-MR

KENNETH D. PARRISH, D.M.D, PH.D.,                                    APPELLANTS
P.S.C. AND KENNETH D. PARRISH, D.M.D.,
PH.D.

|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
| V. | CASE NO. 16-CA-000971 |
|  | JEFFERSON CIRCUIT COURT NO. 11-CI-004100 |

HONORABLE ANN BAILEY SMITH, JUDGE,                                    APPELLEE
JEFFERSON CIRCUIT COURT, DIVISION 13

AND

ROBERT SCHROERING, D.M.D. AND
ADVANCED IMPLANT CENTER, P.S.C.          REAL PARTIES IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

Dr. Kenneth D. Parrish, DMD, appeals from the Court of Appeals' order

denying his petition for a writ of mandamus and/or writ of prohibition.[1]  For

the following reasons, we affirm.

**I.  FACTUAL AND PROCEDURAL HISTORY.**

---

[1] Depending on how Parrish's requests for relief are framed, either writ may be appropriate.  Both are "extraordinary writs" that are treated the same for the purposes of determining whether a writ is available in a particular case. *Mahoney v. McDonald-Burkman*, 320 S.W.3d 75, 77 n.2 (Ky. 2010).

This case arose from a contract dispute between Parrish and Dr. Robert Schroering, DMD, concerning the dissolution of their dental practice. In November 2005, Parrish and Schroering entered into a partnership governed by an 82-page Partnership Agreement (hereinafter "the Agreement") to create Advanced Implant Center, P.S.C, a practice specializing in dental implants and periodontics. This dispute centers on Article 8 of the Agreement, "Retirement; Departure; Related Issues," which requires either dentist to give two years' written notice before retiring. Article 8 further provides that the non-retiring party will be required to purchase all practice interests; the price of which (hereinafter "buyout price") was set at $975,000.00, plus the fair market value of the other partner's interests in any practice interest acquired after the date of retirement, as determined by a certified public accounting firm, "which shall be binding on the Parties and Shareholders."

The Agreement continues that, if elected by one of the parties, a revaluation of the buyout price can occur. The Agreement sets forth the following process for that revaluation: the revaluation is to be performed by an appraiser mutually selected and agreed upon by both parties; if the parties fail to mutually agree on an appraiser, each party is to select a qualified appraiser, and those two appraisers are to select a third. Each appraiser is to then submit his or her appraisal of the value of the practice, and the two closest appraisals are to be selected, and averaged; the parties will be bound by that average as the "Revalued Buyout Price."

2

In keeping with the Agreement, in 2009, Schroering gave his written two-year notice of retirement, with his date of retirement to be June 9, 2011. Upon notice of Schroering's retirement, Parrish sought a revaluation of the practice pursuant to Article 8(E). Since the parties could not agree on a single appraiser, each party selected an appraiser, and those two appraisers selected a third. After an extensive revaluation process, the three appraisals were submitted, and the two figures closest in value were averaged to determine the practice's worth.

Thereafter, the parties contested the method of valuation used and the final valuation of the practice. Schroering filed suit against Parrish for breach of contract, eventually amending his complaint to add claims for fraud, breach of covenant of good faith and fair dealing, and breach of fiduciary duty. Parrish then moved for a partial summary judgment on the tort claims, which the circuit court denied, finding that material issues of fact existed regarding Schroering's tort claims. Parrish and Schroering also filed cross-motions for summary judgment regarding the proper valuation method and final valuation of the practice, both of which the circuit court denied.

Parrish filed a petition for a writ of mandamus and/or prohibition, pursuant to CR[2] 76.36 asking: that the Court of Appeals prohibit the circuit court from enforcing its order denying summary judgment and allowing the question of the proper value of the dental practice go to a jury; and compel that

---

[2] Kentucky Rules of Civil Procedure.

the circuit court enter an order enforcing the terms of the Agreement that designated how that value is to be determined. Concurrently, Parrish also filed a motion for intermediate relief under CR 76.36(4), which the Court of Appeals denied on August 5, 2016 since Parrish did not demonstrate the requisite "immediate and irreparable injury" before a hearing can be held on the petition.

The Court of Appeals denied the petition for a writ, holding that Parrish was unable to meet his burden to show that the circuit court acted erroneously since material issues of fact remain regarding which appraiser used the proper method of valuation, as well as with respect to the tort claims Schroering brought against Parrish. Further, the Court of Appeals held that the circuit court was correct in ruling that the valuation clause of Article 8 did not contain an arbitration clause. This appeal follows as a matter of right.

## II. ANALYSIS.

As this Court has outlined,

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Since Parrish sought relief under the second class of writs, he has the burden to show that the circuit court is acting erroneously, that no remedy exists by appeal or otherwise, and

that great injustice and irreparable injury will result if the petition is not granted. *Id.*

First, Parrish contends that the Court of Appeals erred in construing Article 8 as not containing an arbitration clause and thus denying his writ to compel arbitration. Parrish asks this Court to hold that the binding valuation procedure in Article 8 of the Agreement is an arbitration provision subject to the Federal Arbitration Act ("FAA"), and therefore the valuation is an enforceable arbitration agreement. 9 U.S.C. §1, *et seq.*

As this Court has stated, "a party seeking to compel arbitration has the initial burden of establishing the existence of a valid agreement to arbitrate." *Ping v. Beverly Enterprises, Inc.,* 376 S.W.3d 581, 590 (Ky. 2012). "Questions concerning the formation of an arbitration agreement are resolved in accordance with the applicable state law governing contract formation."[3] *Extendicare Homes, Inc. v. Whisman,* 478 S.W.3d 306, 320 (Ky. 2015), *rev'd on other grounds sub nom. Kindred Nursing Ctr.'s Ltd. P'ship v. Clark,* 137 S. Ct. 1421 (2017). "[I]n the absence of ambiguity a written instrument will be enforced strictly according to its terms, and a court will interpret the contract's terms by assigning language its ordinary meaning and without resort to extrinsic evidence." *Wehr Constructors, Inc. v. Assurance Co. of America,* 384 S.W.3d 680, 687 (Ky. 2012) (internal quotations omitted). Generally, the interpretation of a contract, including whether a contract is ambiguous, is a

---

[3] Article 17(N) of the Agreement provides that the governing law is that of Kentucky.

question of law to be determined de novo on appellate review. *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 703 (Ky. 2006).

Upon review of the record and the Agreement, we agree with the Court of Appeals that the language of Article 8(E) is not ambiguous: it contains a precise process for selecting an appraiser, or each party selecting an appraiser and averaging the valuations to determine the revalued buyout price, and provides that

> all Parties and Shareholders will be bound by that average as the revaluation of the value of the practice and the Partnership. . . . The Percentage Ownership of the Partnership of the retiring Party and Shareholder shall then be utilized for determining the Buyout Price, by the Percentage Ownership modifying the revaluation, as of the date of retirement of the retiring Party and its Shareholder, for all purposes, hereinafter called "Revalued Buyout Price.[4]

By the plain language of the Agreement, the parties agreed to be bound by the average amount of the appraised values, but in no way did the parties agree that this valuation would constitute a final arbitration, or to submit any dispute to arbitration, especially regarding issues other than the revalued buyout price.

This Court recently ruled, in *Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691 (Ky. 2016), that an employment agreement without any express reference to arbitration or setting forth any process for arbitration is not an arbitration agreement. The facts of this case, although a partnership

---

[4] Article 8 also states that the phrase "Buyout Price" is deemed to include the "Revalued Buyout Price."

agreement and not an employment contract, are similar to those in *Dunaway*. In this instance, the "binding valuation" language in Article 8(E) does not contain any express reference to "arbitration," nor does it set forth any process by which an arbitration would occur. Further, as in *Dunaway*, Parrish did not promptly seek arbitration at the outset of this action, but rather raised this arbitration argument almost three years after the dispute arose and over a year after the final submission of all three appraisal values. *See Dunaway*, 490 S.W.3d at 695 ("The fact that KSF did not promptly assert the arbitration award as an affirmative defense . . . suggests that KSF did not immediately think of Section 5(e) as an arbitration clause and did not immediately regard the DMLO calculation as a binding arbitration award."). As succinctly stated in *Dunaway*, "[a]rbitration is a process, not an answer." *Id.* at 696. An agreement to abide by the averaged appraisal value of the two closest appraisers is fundamentally different than the appraisers acting as binding arbitrators of the Agreement.

Significantly, the Agreement expressly disclaims arbitration. Article 17(L), "General Provisions: No Arbitration," states that "The Parties hereto waive any arbitration rights." This section continues that the parties will first attempt to settle disputes arising out of this Agreement, and if that fails, the parties agree to enter into non-binding mediation, with a certified public accounting firm to be selected to serve as mediator, pursuant to Article 16. This Agreement expressly disclaims arbitration in favor of non-binding mediation. Since this Agreement does not contain a binding arbitration clause,

7

Parrish has not established that the Court of Appeals and circuit court acted erroneously in allowing this question of valuation to go to a jury.

Second, Parrish has not shown that he has no adequate remedy by appeal or otherwise as required for issuance of a writ. Parrish could have filed a CR 65.07 motion within twenty days of the trial court's order, seeking "appellate review for what would be ordinarily considered a non-appealable, interlocutory order." *Kindred Hosps. Ltd. P'ship v. Lutrell*, 190 S.W.3d 916, 920 (Ky. 2006).[5] His failure to avail himself of this avenue for appeal does not establish the lack of remedy required for issuance of a writ. Therefore, we affirm the Court of Appeals' denial of his writ petition.

Last, Parrish asks this Court to reverse the Court of Appeals, and compel the circuit court to enforce the valuation of the practice as binding.

> Mandamus is a proper remedy to compel an inferior court to adjudicate on a subject within its jurisdiction where the court neglects or refuses to do so, but it will not lie to revise or correct a decision of a court. While mandamus will lie to set a court in motion, it cannot be used to control the result. In short, mandamus will not issue to control the discretion of an inferior court.
>
> The purpose of the mandamus sought herein is not to compel [the judge] to act on the motion, for he has acted, but to control his discretion and to compel him to grant summary judgment in petitioner's favor. Under these circumstances it is well-settled that this Court has no authority to issue the order requested.

---

[5] When the KRS 417.220 right to an interlocutory appeal does not apply, as is the case here, "in the arbitration context, we have recognized CR 65.07 and CR 65.09 as appropriate avenues for the review of trial court orders denying motions to compel arbitration." *N. Fork Collieries, LLC v. Hall*, 322 S.W.3d 98, 101–02 (Ky. 2010).

8

*Fannin v. Keck*, 296 S.W.2d 226, 226–27 (Ky. 1956). We therefore lack authority to compel the circuit court to accept the valuation of the practice as binding.

### III. CONCLUSION.

For the foregoing reasons, we affirm the Court of Appeals' order denying the writ of mandamus and/or prohibition. We do not believe the Court of Appeals erred in deciding that Parrish failed to show sufficient grounds for issuance of a writ.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Michael W. Oyler
Rebecca Naser
Brooks D. Kubik
REED WEITKAMP SCHELL & VICE, PLLC

COUNSEL FOR APPELLEE:

Honorable Ann Bailey Smith
Louisville, Kentucky

COUNSEL FOR REAL PARTIES IN INTEREST:

Gregg Y. Neal
NEAL & DAVIS, PLLC