# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: MARCH 19, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2025-SC-0371-MR

CITY OF PROSPECT, KENTUCKY                                         APPELLANT

|                      | ON APPEAL FROM COURT OF APPEALS |
| V.                   | NO. 2025-CA-0258                |
|                      | JEFFERSON CIRCUIT COURT NO. 17-CI-006262 |

HONORABLE ANN BAILEY SMITH,                                        APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

AND

LDG MULTIFAMILY, LLC; LOUISVILLE            REAL PARTIES IN INTEREST/
METRO COUNCIL;                                            APPELLEES
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT; PROSPECT
DEVELOPMENT, LLC.; AND REALTY
MANAGEMENT GROUP, LLC

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

The City of Prospect, Kentucky ("Prospect") filed an original action in the Court of Appeals seeking a writ of mandamus directing the Jefferson Circuit Court to find a specific email Prospect allegedly inadvertently produced was privileged and grant Prospect's motion to disqualify attorneys for Real Parties in Interest LDG Multifamily, LLC and Realty Management Group, LLC (collectively "LDG") in case number 17-CI-006262. The Court of Appeals denied the petition, finding the privilege issue was redressable by other means, and

Prospect failed to meet the extraordinary burden of proving disqualification was necessary. We affirm.

## BACKGROUND

Prospect's petition for writ of mandamus arose out of a pending Jefferson Circuit Court action, which began as an appeal of a Louisville Metro Council zoning decision. LDG, a developer, requested rezoning of real property it intended to develop into a senior living apartment complex. In 2017, the Council denied rezoning, and LDG initiated the underlying action. In December 2017, the trial court granted Prospect's motion to intervene. In January 2023, the trial court granted LDG leave to amend its complaint to allege separate causes of action against Prospect.

LDG alleged that, since 2017, Prospect has opposed its efforts to build a senior living facility near Prospect, citing its designation as affordable senior housing and the development's target demographic. Accordingly, LDG sought injunctive, declaratory, and monetary relief against Prospect for violating the Equal Protection Clause of the Fourteenth Amendment, Fair Housing Act, 42 U.S.C.[1] § 1981, and tortious interference with a business advantage.

LDG's amended complaint and supplemental amended complaint contain lengthy allegations against Prospect concerning its officials' conduct at neighborhood meetings spanning from September 16, 2016, through October 17 and 18, 2022. Though some of the allegations concern more private

---

[1] United States Code.

conduct, many involve statements made by Prospect officials and citizens in public meetings. Prospect denied the allegations.

Prospect and LDG have had disputes regarding Prospect's production of discovery, which began before LDG filed its amended complaint against Prospect. The discovery dispute at issue in the original action occurred when Prospect electronically produced a set of documents to LDG on July 5, 2024. Prospect produced numerous documents, including a specific email dated December 7, 2017, sent by Grover Potts who acted as Prospect's City Attorney. Potts sent the email to nine people who were then Prospect city councilmembers.

On July 19, 2024, LDG attached the Potts email as one of 102 exhibits to its cross-motion for summary judgment. After receiving the motion, Prospect informed LDG's counsel and the trial court that the Potts email was privileged and inadvertently produced. During this time, the trial court rejected LDG's summary judgment motion because it exceeded either page or word limits. This single email is the subject of Prospect's original action. Because both issues arose concurrently, LDG voluntarily removed the Potts email and references to it from its refiled motion. Unsatisfied, Prospect filed a motion to strike LDG's response to its motion for summary judgment and disqualify LDG's counsel and, subsequently, moved to quash a subpoena LDG served on Potts for his deposition testimony and to produce certain documents.

On November 14, 2024, the trial court entered an order denying Prospect's motion to disqualify, finding it failed to carry its heavy burden of

proving substantial actual prejudice to justify the disqualification of LDG's counsel. The trial court reserved ruling on whether the inadvertently disclosed Potts email was privileged until the parties argued motions in limine. The trial court granted Prospect's motion to quash, finding much, if not all, of the information LDG sought from Potts was privileged and not crucial to the preparation of LDG's case.

On March 4, 2025, Prospect petitioned the Court of Appeals to issue a writ of mandamus directing the Jefferson Circuit Court to find the Potts email privileged and disqualify LDG's counsel for using the inadvertently produced email in violation of SCR[2] 3.130(4.4(b)).

On August 6, 2025, the Court of Appeals entered an order denying Prospect's petition. The court found the privilege issue was redressable by appeal or other means. The trial court reserved ruling on whether the Potts email was privileged until the parties argued motions in limine, which did not occur before Prospect petitioned for a writ. If the trial court admitted the email, Prospect could raise the evidentiary issue on appeal. The court found that, even if the Potts email is privileged, Prospect failed to meet its burden of demonstrating that a miscarriage of justice would result if the trial court permitted counsel to continue representing LDG. This appeal followed.

---

[2] Rules of the Supreme Court.

## STANDARD OF REVIEW

This Court has long held that the "issuance of a writ of mandamus is an extraordinary remedy," and we are disinclined to issue them. *Ridgeway Nursing & Rehab. Facility, LLC v. Lane*, 415 S.W.3d 635, 639 (Ky. 2013). "Writs are divided into two classes, which are distinguished by whether the lower court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction) or (2) acting erroneously within its jurisdiction." *Id.* (internal quotation marks omitted). Prospect does not argue the trial court lacks jurisdiction, so our analysis is confined to the second class of writs.

A writ of the second class "*may* be granted upon a showing . . . that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted." *Id.* We recognize a special cases "exception to the irreparable harm requirement," which allows the issuance of a writ "in the absence of a showing of specific great and irreparable injury." *Id.* at 639-40. In such special cases, the petitioner must show a "substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration." *Id.* at 640. Even if the petitioner meets these requirements, "the issuance of a writ is not mandatory; instead, whether to grant the writ is in the sound discretion of the Court." *Id.* (internal quotation marks omitted).

We review the Court of Appeals' decision to deny the issuance of a writ

5

for an abuse of discretion. *Id.* We review questions of law arising out of the Court of Appeals' decision de novo. *Id.* We review factfinding errors for clear error under CR[3] 52.01.

## ANALYSIS

Prospect argues the Court of Appeals abused its discretion in denying the issuance of a writ because there is no adequate remedy by appeal or otherwise and a miscarriage of justice will result if LDG's counsel is not disqualified. Prospect further argues that because a writ is appropriate to address disqualification, this Court must reach the privilege question because it is a component of the broader disqualification analysis.

First, we consider whether a writ to direct disqualification of LDG's counsel is the only adequate remedy in this instance. "No adequate remedy by appeal or otherwise means that the injury to be suffered by [the Petitioner] could not therefore be rectified in subsequent proceedings in the case." *Id.* at 640 (internal quotation marks omitted). This is a prerequisite to reaching irreparable harm or the special circumstances exception.

A writ directing disqualification is only available in certain circumstances that do not exist here. First, issuance of a writ is appropriate "to *prevent* injury" when a petitioner believes the trial court erroneously ordered production of privileged information, not to remedy injury after disclosure. *Mahoney v, McDonald-Burkman,* 320 S.W.3d 75, 78 (Ky. 2010) (emphasis added).

---

[3] Kentucky Rules of Civil Procedure.

6

Furthermore, a writ of "mandamus is a proper remedy to compel" a trial court "to adjudicate upon a subject within their jurisdiction, where they neglect or refuse to do so." *Mahoney,* 320 S.W.3d at 79. However, the writ "will not lie for the purpose of revising or correcting their decision." *Id.* Second, a writ compelling disqualification may be an appropriate remedy when a petitioner demonstrates counsel has an actual conflict of interest. *Harkins v. House,* 638 S.W.3d 346, 353 (Ky. 2021); *Marcum v. Scorsone,* 457 S.W.3d 710, 719 (Ky. 2015). Of course, where a writ is a proper remedy, the petitioner must also show irreparable harm or satisfy the special case exception requirements for a writ to issue.

In *Ridgeway,* this Court held that issuance of a writ was not available to remedy an alleged injury resulting from opposing counsel unethically obtaining evidence in violation of Rule 4.2. *Ridgeway,* 415 S.W.3d at 642. Because admission of evidence is at issue, there were other "viable options for redress." *Id.* at 640. Even if this prerequisite is met, it would be difficult to show irreparable harm or even satisfy the special cases exception. *Id.* at 642. Even if a case warranted examination of the special cases exception, "we are decidedly disinclined to grant" disqualification. *Id.* This Court declined to institute a strict rule requiring disqualification for alleged unethical behavior in obtaining evidence because it is extremely difficult for a petitioner to show the likelihood of "resultant prejudice." *Id.*

There is no Kentucky precedent addressing whether issuance of a writ could be an appropriate remedy for unethical use of inadvertently produced

7

information in contravention of Rule 4.4. Though there may be a case where disqualification is the only adequate remedy for violation of Rule 4.4, such a drastic remedy is unwarranted here.

This is not an instance where a writ is the only available remedy. The trial court has not refused to rule on whether the email is privileged, and we cannot prevent the disclosure of an email that has already been produced. Disqualification of counsel is merely one of several remedies for Prospect's allegation that LDG unethically used the inadvertently produced Potts' email. *Ridgeway*, 415 S.W.3d at 640. First, the trial court may decide that the email is privileged and decline to admit it as evidence when ruling on motions in limine. Second, if the trial court admits the Potts email over Prospect's objection, Prospect can raise this evidentiary issue on direct appeal. Thus, a writ of mandamus is not available to Prospect.

Because Prospect did not satisfy the no other adequate remedy prerequisite, Prospect cannot avail itself of the certain special cases exception. Even if Prospect had met this prerequisite, Prospect failed to show it would sustain any injury or even that a miscarriage of justice would result if LDG's counsel is not disqualified. Prospect failed to show a specific great and irreparable injury because the Potts email is inconsequential to LDG's case. This lone email is one document in a sea of evidence LDG cites to support its legal theory. Long before LDG obtained the Potts email via Prospect's inadvertent disclosure, LDG supported its complaint against Prospect by citing years of public town hall meetings to show Prospect's alleged pattern of

8

discriminatory conduct. LDG agreed not to use the email, so it is not currently an exhibit to any dispositive motions or responses. The trial court stated that it will address its admissibility when considering motions in limine, so "the likelihood of future prejudice [is] mere speculation." *Ridgeway*, 415 S.W.3d at 642.

Furthermore, Prospect cannot avail itself of the special cases exception. Whether a substantial miscarriage of justice would occur if this evidentiary issue is not remedied by disqualifying LDG's counsel is speculative at best because the trial court has not yet ruled on the issue of privilege and, therefore, there is no erroneous ruling to correct.

The speculative nature of Prospect's alleged injury underscores our dispositive holding that when a petitioner seeks a writ to remedy an evidentiary issue, there is almost always another available remedy. If LDG's counsel "manage[s] to achieve some unfair use of this information at trial, [Prospect] can always raise the issue on appeal." *Univ. of Louisville v. Shake,* 5 S.W.3d 107, 110 (Ky. 1999). Thus, Prospect did not satisfy the requirements for the issuance of a writ.

## CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals and deny Prospect's petition for writ of mandamus. LDG's motion to file additional documents under seal and Prospect's motion for additional time to respond to LDG's motion, pending before the Court of Appeals, should be denied as moot.

All sitting.  All concur.

9

COUNSEL FOR APPELLANT,
CITY OF PROSPECT, KENTUCKY:

Carol Schureck Petit
Matthew R. Bastin
Connor E. Sturgill
Vaughn Petit Legal Group, PLLC

Grover C. Potts, Jr.
Daniel P. Reed
Wyatt, Tarrant & Combs, LLP

COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, LDG MULTIFAMILY, LLC
AND REALTY MANAGEMENT GROUP, LLC:

Clifford H. Ashburner
J. Tanner Watkins
Juels M. White
R. Kenyon Meyer
Mary Ross Terry
Dinsmore & Shohl LLP

Philip E. Cecil
Fultz Maddox Dickens PLC

COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, LOUISVILLE METRO COUNCIL:

Michael A. Valenti
John E. Hanley II
Hayden Holbrook
Dylan V. Valenti
Valenti Hanley PLLC

COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT:

Jonathan D. Goldberg
Jan M. West
Anthony R. Johnson
Goldberg Simpson LLC

William Hartman Brammell, Jr.
Wicker/Brammell PLLC


COUNSEL FOR REAL PARTY IN INTEREST/
APPELLEE, PROSPECT DEVELOPMENT, LLC:

Nicholas R. Pregliasco
Bardenwerper Talbott & Roberts PLLC


COUNSEL FOR APPELLEE:

Hon. Ann Bailey Smith